### J. C. TERRELL ET AL. v. TARRANT COUNTY.

#### No. 1411.

1. **Public Road—Special Term of Court.**—An order establishing a public road is not invalid because entered at a special term of the Commissioners Court.

2. **Same—Order Establishing—Description.**—Where the law requires a first-class public road to be at least forty feet in width, an order of court establishing such a road, which designates it as running south with the east line of the H. survey, will be held to describe a tract twenty feet in width on each side of said line, and therefore to include twenty feet of the adjoining survey, though it be not mentioned.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*J. L. Hill,* for appellants.

*Hunter, Stewart & Dunklin,* for appellee.

TARLTON, CHIEF JUSTICE.—The appellants sued the appellee for damages on account of the appropriation by the county for a public road of a strip of land belonging to the plaintiffs. This strip is twenty feet wide and a half mile long, and is out of the William Welch survey, beginning at the city limits of Fort Worth, and extending thence south.

The trial court denied them a recovery, and hence this appeal.

On and before January 30, 1877, the title to the fee in the land mentioned in plaintiff's petition was in Julian Field, and remained in him until March 6, 1888, when he by deed without warranty conveyed all his right, title, and interest in it to the plaintiffs.

On January 30, 1877, the Commissioners Court of Tarrant County, in the matter of the application for the establishment of the Fort Worth and Caddo Grove and Cleburne public road, entered a final judg-

ment establishing this road as a first-class public road, beginning at the southwest corner of the corporate limits of the city of Fort Worth, Tarrant County, at the southwest corner of the S. G. Jennings survey; thence south with the east line of the E. D. Harris survey and the west line of the J. N. Ellis survey to the Ellis southwest corner, etc., continuing south. The west line of the William Welch survey, for its entire length, is identical with the east line of the Harris survey.

The road thus established has ever since the date of the above order been designated on the minutes of the Commissioners Court as the Fort Worth and Caddo Grove road, and the Commissioners Court continuously after that date appointed an overseer for the Fort Worth and Caddo Grove road, as described in the foregoing order.

At the time of the plaintiffs' purchase, and in fact prior to the date of the foregoing order, there was a lane on the line between the Harris survey and the William Welch survey, including a strip twenty feet in width off the west side of the latter survey (which is here in question), and beginning at the northwest corner thereof, running south two or three hundred yards. The lane was used by the public for the distance named, when the travel diverged to the west at the end of the lane, on account of the fact that the ground on a straight course was rough and quite impassable for travel. As soon as this rough ground was passed, the travel returned to the original course.

During the latter part of 1890 the road thus used was improved, the rough portion above referred to being graded, and the road extended so as to include the whole of the strip of land mentioned in the plaintiffs' petition, by parties who claimed to be acting under the authority of the Commissioners Court of Tarrant County.

The record disclosed no action of the court appropriating the strip of land to the use of the county, as a road, otherwise than by the order of date January 30, 1877, already referred to.

*Conclusions of Law.*—We find nothing in the Act of 1876, providing for the establishing of public roads, and which was in force at the date of the order invoked in this case, or elsewhere, which requires that, to be valid, it should be entered at a regular term of that court. We therefore overrule the appellants' first assignment of error asserting this proposition. The order is not invalid because it was entered at a special term of the court.

This being a public road of the first class, its width could not be less forty feet. Acts 1876, p. 63.

As its course was described in the order which established the road to run "south with east line of the E. G. Harris survey," and as this line is identical with the west line of the Welch survey, we think that the order would embrace a strip in width twenty feet on each side of this line; and that it so embraced the strip claimed by the plaintiffs in this case. It was not requisite that it should in terms refer to the William Welch survey, when the west line of this survey was neces-

sarily described in the reference to the east line of the Harris survey. We therefore overrule the appellants' second assignment of error.

The third assignment of error complains of the trial court's conclusion of law, to the effect, that if the strip in question was not embraced in the judgment referred to, then plaintiffs can not recover, because no appropriation of the land to the use of Tarrant County has been shown by the evidence. It is unnecessary to consider this assignment, on account of the fact that we find the order of the Commissioners Court to be valid, and hence approve the action of the trial court, without reference to the conclusion therein criticised.

The judgment is affirmed.

*Affirmed.*

Delivered November 13, 1894.