GEORGE A. SCALING V. S. A. DENNY ET AL.

Decided December 19, 1909.

**1.—Public Road—Condemnation—Deposit of Damages—Statute Construed.**

Where a county Commissioners' Court ordered the county clerk to issue a warrant on the road and bridge fund of the county for the amount awarded a land owner for a public road across his land, and the warrant was in fact issued and the land owner notified by the county treasurer that the money was held subject to his order, it was a sufficient "deposit" of the damages under the requirements of article 4693, Rev. Stats. and section 17, of the Bill of Rights.

**2.—Same—Description.**

Mere deficiency or inaccuracy of description that is not substantial is insufficient to render void the proceedings of a Commissioners' Court establishing a public road. A description, aided by extrinsic evidence, considered and held sufficient.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*J. T. Montgomery,* for appellant.—Under the Constitution and laws of this State, before a public road can be legally opened, the owner of the land must be allowed just damage and adequate compensation for the land taken, and such compensation must be actually paid or secured by deposits with the county treasurer to the credit of such owner, before the road can be legally opened. Rev. Stats., arts. 4693 and 4694; Hamilton County v. Garrett, 62 Texas, 602; Hopkins v. Cravey, 85 Texas, 189.

In order to lay out a road and take private property for road purposes, it is necessary that the proceedings for condemnation shall specifically describe the particular land to be appropriated and shall state the amount of land; that is, the width of the road and all other facts necessary to specifically describe the land intended to be appropriated. Rev. Stats., art. 4688.

*W. T. Allen,* for appellees.

CONNER, CHIEF JUSTICE.—Appellant instituted this suit against S. A. Denny, county judge of Clay County, Texas, and others named as commissioners, to enjoin the said defendants from opening a public road through certain lands belonging to the plaintiff. A temporary writ of injunction was issued but later dissolved, and it is from this latter order and judgment that the appeal has been prosecuted.

Only two grounds of error in substance are assigned to the action of the court in its order of dissolution. First, it is insisted that "The Commissioners' Court had adjudged that he (appellant) was entitled to compensation therefor and no money had ever been tendered to plaintiff, and such payment had not been secured by any deposit with the county treasurer to the credit of the plaintiff, and no specific fund was set apart to pay plaintiff's damages, and that the only compensation ever offered to plaintiff was a county warrant which he refused to accept." Second, in substance, that in none of the proceedings had

the proposed road been described in such manner as to identify it with certainty.

We think that appellant's contention must be overruled. It is undisputed that the Commissioners' Court in the regular way, upon a proper petition, granted an application for the opening of a first-class road along designated lines, and appointed a jury of view which notified appellant, among others, and which awarded to appellant damages in the sum of two hundred and twenty-five dollars and made their report to the Commissioners' Court as provided by law. The report of the jury of view was approved and the road ordered opened. The record discloses no appeal from the amount of damages allowed by the jury of view and approved by the Commissioners' Court. The order approving the report also directed the clerk to issue warrants on the road and bridge funds of the county for the amounts awarded the respective land-owners for right of way, and it is undisputed that one was issued in favor of appellant for the two hundred and twenty-five dollars allowed him, and that upon receipt thereof the treasurer of Clay County, by letter, notified appellant that it was held subject to his order. It was admitted that there was in the county treasury a sufficient sum to the credit of the road and bridge fund to pay the said warrant at the time the same was issued, and has been at all times since, and the plaintiff testified that the reason he did not call for the warrant was that he did not think he had been allowed enough and did not want the road open.

Article 4693 of the Revised Statutes provides that: "If the Commissioners' Court shall approve of the report (that of a jury of view) and order such road to be opened, they shall consider the assessment and damages by the jury and the claimant's statement thereof, and allow to such owner just damages and adequate compensation for the land taken, and when paid or secured by deposit with the county treasurer to the credit of such owner they may proceed to have such road opened." The article further provides that if the owner of the land is not satisfied with the assessment by the Commissioners' Court he may appeal therefrom, as in cases of appeal from Justice's Court, but that such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages, etc. While by the statute cited, as well also as by the terms of our Constitution (see Bill of Rights, section 17), a deposit of the damages allowed with the county treasurer must be made, we think it would be extremely technical to hold that it was not substantially done in the case before us. Among other authorities, appellant cites the case of Hopkins v. Cravey, 85 Texas, 189, but we think this authority is against him on the proposition under consideration. It was there held that an injunction was properly issued where, as there, at the time of the issuance of a warrant for the amount of damages allowed an owner, there was no money belonging to the road and bridge fund in the treasury of the county, but that on final hearing the injunction was properly dissolved, in as much as it then appeared that a warrant for the damages allowed had issued and that there was then in the treasury of the county money belonging to the road and bridge fund sufficient to pay the warrant. It is evident from the record that, at any time after the issuance of the warrant

mentioned, appellant had but to ask in order to receive the damages awarded him, and he is in no position to now complain because of his own voluntary failure to avail himself of the opportunity extended.

The remaining contention may not be so easily answered, but we conclude that it should be overruled. The statute (Revised Statutes, art. 4688) provides that after appointment the jury of view shall proceed "to lay out, survey and describe such road to the greatest advantage to the public, and so that the same can be traced with certainty; and the field notes of such survey or description of the land shall be included in the report of the jury; and, if adopted, shall be recorded in the minutes of the Commissioners' Court." The description of the road in question as given in the report of the jury is as follows: "Commencing at W. P. McFarland's N. W. corner, thence to his S. W. corner; thence east to a point directly north of R. F. Jenkins' ell corner; thence south to said corner, being also R. J. Brown's N. W. corner, continuing south with Brown's west line and the west line of R. J. Brown's survey to W. H. Smollinger's survey, abstract 942, the west line of H., T. & B. R. R. Co. survey No. 23, abstract 221, to S. W. corner of same and to the intersection with Buffalo Springs and Windthorst road." This description is substantially the same as was given in the application for the road and in the order of the Commissioners' Court approving the report of the jury of view. Aside from a clerical mistake in calling for the west line of survey 23 when it should have been the west line of 27, as is quite apparent from other calls, there is no uncertainty of description save that the width of the road is not given. It appears, however, from the agreed statements of facts, that the beginning corners, lines, etc., were those commonly accepted as correct; that appellant was present when the jury of view surveyed the line, and that the line was at least in part marked by following some old fence posts supposed to be the line between surveys, and placing rocks along the line actually run and at one or more of the corners, none of which, however, were called for in the field notes. While the report of the jury may not be as specific as it should have been, we find nothing in the evidence disclosing any contest on appellant's part or any uncertainty in his mind or in the minds of those laying out the road as to its exact location, and we, therefore, conclude that appellant's contention in this particular should be now overruled, mere deficiency or inaccuracy of description that is not substantial being insufficient to render void the proceedings establishing the road. See Robson v. Byler, 14 Texas Civ. App., 374; Galveston, H. & S. A. Ry. v. Baudat, 18 Texas Civ. App., 595. It is undisputed that the road applied for and ordered open was a first-class road which, under the statute (Rev. Stats., art. 4683), must be "not less than forty feet nor more than sixty feet wide." The line called for by the jury and orders mentioned is evidently the center line of the road to be established, and we think the proper construction of the orders is that the width of the road extends twenty feet on each side of the lines as given. See Terrell v. Tarrant County, 8 Texas Civ. App., 563. Judgment affirmed.

*Affirmed.*