## ROSS v. VELTMANN et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1913. Rehearing Denied Jan. 7, 1914.)

1. INJUNCTION (§§ 163, 188*)—RESTRAINING ORDER — DISSOLUTION — CHANGED CONDITIONS.

Where, after the issuance of a temporary restraining order, a sworn answer is filed showing changed conditions that no longer entitle complainant to an injunction, the court may properly dissolve the same, taxing against defendant the costs incident to the proceedings so far as necessary to give complainant the relief to which she is entitled; complainant's further rights depending upon the changed conditions.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371, 408; Dec. Dig. §§ 163, 188.*]

2. HIGHWAYS (§ 30*)—ESTABLISHMENT—NOTICE—RECORD.

It is not essential to the legality of proceedings for the establishment of a highway that the character of the notice given be made a matter of record, but it is sufficient if a proper notice is given or notice has been waived.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 60–70; Dec. Dig. § 30.*]

3. INJUNCTION (§ 118*)—PLEADING—REQUISITES.

In a suit for an injunction, the rule that the allegations of the petition must be taken most strongly against complainant is re-enforced by the further requirement that the material and essential elements which entitle complainant to relief shall be sufficiently certain to negative every reasonable inference arising from the facts so stated, that complainant might not, under other supposable facts connected with the subject, be entitled to such relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

4. HIGHWAYS (§ 38*)—ESTABLISHMENT—NOTICE OF HEARING—OBJECTIONS—WAIVER — APPEARANCE.

An objection to notice of intention to lay out a highway, in that it was signed by only one member of the jury of view, was waived by the landowner's appearance pursuant to the notice.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 93–97; Dec. Dig. § 38.*]

5. HIGHWAYS (§ 41*)—ESTABLISHMENT—REPORT OF VIEWERS.

Where the jury of view in highway proceedings were only authorized to lay out a third class road, their report was not fatally defective because it recited the laying out of a "road" instead of a "third class road," since no other kind of a road could be legally established thereunder.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 90, 108–131; Dec. Dig. § 41.*]

6. HIGHWAYS (§ 41*) — ESTABLISHMENT — VIEWERS' REPORT — HEARING BY COMMISSIONERS' COURT.

In proceedings for the establishment of a third class road, the law does not require notice to the landowner of the date of the hearing by the commissioners' court, on the report of the jury of view, since the owner, having received notice from the jury, must follow up the proceedings in the court.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 90, 108–131; Dec. Dig. § 41.*]

7. HIGHWAYS (§ 41*) — ESTABLISHMENT — VIEWERS' REPORT — HEARING BY COMMISSIONERS' COURT.

In proceedings to establish a third class road, it was not necessary that the commissioners' court should pass on the report of the jury of view at the first term, or at a regular term of such court.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 90, 108–131; Dec. Dig. § 41.*]

8. HIGHWAYS (§ 41*) — ESTABLISHMENT — VIEWERS' REPORT—HEARING—ORDER—MODIFICATION—NOTICE TO LANDOWNER.

Where an order of the commissioners' court, adopting the report of the jury of view in third class highway proceedings, was held by the district court, at the suit of a property owner, to be defective in certain particulars, it was not necessary that such landowner be notified of the court's intention to pass a new order to cure the defect.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 90, 108–131; Dec. Dig. § 41.*]

9. INJUNCTION (§ 122*)—SUPPLEMENTAL PETITION—VERIFICATION.

Where a supplemental petition in an injunction suit alleged a new ground for injunctive relief, it should have been verified.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. § 122.*]

Appeal from District Court, Kinney County; W. C. Douglas, Judge.

Suit by Virginia Ross against Jos. Veltmann and others. Decree for defendants, and complainant appeals. Affirmed.

Martin & Martin, of Uvalde, for appellant.

MOURSUND, J. On May 21, 1913, appellant submitted to Hon. W. C. Douglas, judge of the Sixty-Third judicial district, her petition, under oath, praying that upon final hearing an order of the commissioners' court of Kinney county, establishing a road across a section of land owned by her, be vacated and annulled, and that a temporary injunction issue restraining Jos. Veltmann, county judge of Kinney county, Hans Petersen, Albert Schwandner, L. N. Lewis, and A. M. Slator, the other members of the commissioners' court of said county, and T. F. Scarborough, from interfering with her fence and opening up said road. The order establishing the road was alleged to be void on the grounds: (1) The road was classified as a "community road." (2) The width of the road was not stated. (3) The notice received by plaintiff from the jury of view gave plaintiff no notice that a community road was to be laid out across her land. (4) No road overseer was appointed by the court who would be authorized to apportion hands to work the road. (5) The jury of view was appointed to lay out a third class road through plaintiff's land, but the court classified and established a community road. It was further alleged that defendant Scarborough had been employed by the commissioners' court to remove plaintiff's fences and open up the road. Judge Douglas granted a temporary restraining order, but refused to grant a temporary injunc-

tion until a hearing could be had after notice to defendants, stating in his order that the petition showed, by allegation and inference, that all requirements necessary to legally lay out a third class road had been complied with, except that no classification was made of the road, and no width ascribed to it, and that if this was correct, it would be his duty to forbid the opening of the road until the two requisites named were complied with. He concluded that the classification as a community road was no classification because such a road is not recognized by statute, and that no "neighborhood road" was authorized because the road did not follow section lines.

On June 7, 1913, the defendants answered by general demurrer, three special exceptions, a general denial and a special answer, containing the following allegations: That at the regular February term, 1913, of said commissioners' court, said court upon its own motion passed an order to establish a third class road, leading from the town of Brackett to the Tom Perry ranch, and appointed a jury of view to lay out and survey said road, the names of the members of the jury of view being stated; that proper and legal notices were issued to said members of the jury of view, and legally served upon them by the sheriff of Kinney county and due return made thereon, said notices being attached to and made part of the answer; that four members of the jury of view, naming them, subscribed the oath prescribed by law, their said oaths being also attached to the answer; that before said jury of view laid out and surveyed the road complained of by plaintiff Scarborough, one of the members of the jury of view issued to J. E. Fritter, the agent of plaintiff, the proper and legal notice required by law to be given to owners of land over which the road to be established would run or be likely to run, stating at the time the date when the jury of view would lay out and survey said road, an affidavit of said Scarborough to that effect being attached to the answer; that on February 26, 1913, said four members of the jury of view proceeded to survey and lay out the road, and made their report, a copy of which was attached, in which the road was described; that when said jury of view met to assess the damages to the landowners over whose lands said road was laid out, Fritter, plaintiff's agent, was present and failed and refused to submit any claim for damages; that on May 12, 1913, the report of the jury of view was approved by the commissioners' court of Kinney county, the field notes of the road recorded in the minutes of said court, damages allowed plaintiff in the sum of $15, and the road classified as a "community road," but on June 2, 1913, said court in special session rescinded and annulled said order, and passed an order approving the report of the jury of view, establishing and classifying the road as

a "third class road" and allowing plaintiff $15 as damages. A certified copy of the order attached to the petition shows that the width of the road was fixed at 30 feet. It was further alleged that a warrant had been drawn in favor of plaintiff for $15 and placed in possession of the county treasurer of Kinney county subject to her demand. On June 16, 1913, plaintiff filed her first supplemental petition, consisting of a general demurrer to defendants' answer, various special exceptions thereto, and an answer to the effect that plaintiff had no notice of the intention of the commissioners' court to pass the order entered on June 2, 1913, and had no opportunity to contest the same, wherefore she prayed as in her original petition, and in the alternative for all costs because of the proceedings taken by the commissioners' court after the filing of her petition. Upon consideration of the case as made by the additional pleadings, and after hearing argument, the judge refused the temporary injunction, and dissolved the temporary restraining order. Plaintiff appealed.

[1] The contention made by appellant's petition, briefly stated, was that the order establishing a community road was null and void, both because no such road is known to our statute, and because there was no order appointing a jury of view to lay out that kind of road; and the notice given appellant by the jury of view did not disclose that a community road was to be laid out. These contentions were sustained by the court. Later it was made to appear to the court by sworn answer that a new order had been entered by the commissioners' court, establishing a third class road upon the same report of the jury of view, whereupon he refused to grant a temporary injunction, and dissolved the temporary restraining order. Even when a temporary injunction has been granted, if it be made to appear by sworn answer that the conditions have changed and no longer entitle plaintiff to an injunction, the judge is authorized to dissolve the injunction. Allen v. Abernathy, 151 S. W. 348.

[2] As was correctly held by Judge Douglas, the matter then resolves itself into a matter of costs. Plaintiff has been protected from unlawful acts, and the costs incident to the proceeding, in so far as it gave plaintiff the relief to which he was entitled, should be taxed against defendant. Any further rights asserted by plaintiff must be based upon conditions then existing, and it must appear that such conditions still entitle plaintiff to relief by injunction; otherwise the appellate court will not set aside the dissolution of the injunction. The question to be considered upon this appeal is whether plaintiff is entitled to have a temporary injunction restraining the opening and laying out of the road established and classified as a third class road by the order of June 2, 1911. Several contentions are made by appellant in this connection, one of which is

that appellees' answer contained no allegation stating the character of notice given plaintiff's agent by the jury of view, but merely a conclusion that the written notice given plaintiff's agent was "the proper and legal notice required by law," and that therefore the subsequent proceedings are not legal. It is not necessary to the legality of the proceedings that the character of the notice be made a matter of record. Sneed v. Falls County, 91 Tex. 168, 41 S. W. 481. If sufficient notice was given, or notice was waived, the further proceedings are authorized to be taken. It will be noticed that in plaintiff's petition it is admitted that notice was given, but it is expressly denied that the same was of the proposed laying out of a community road. It is also alleged that the order appointing a jury of view directed the laying out of a third class road. The natural inference arising from these allegations is that the notice given by the jury of view was that a third class road would be laid out, and such inference is not negatived in any of plaintiff's pleadings, nor shown to be untrue by any allegations of defendants' pleadings.

[3] The rule with regard to pleadings in injunction suits is as follows: "The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Gillis v. Rosenheimer, 64 Tex. 246; Schlinke v. De Witt County, 145 S. W. 665; Weaver v. Emison, 153 S. W. 923.

[4] It is clear that the record discloses no charge of illegality in the proceedings because of failure to give notice of the intention to lay out a third class road, and on the contrary that the inference from the facts stated is that such was the character of the notice given. It further appears from the answer and the affidavit of a member of the jury of view, thereto attached, that such notice was in writing, and that it brought on negotiations between said agent and the jury of view, and at the request of the agent the jury of view did not meet to assess damages until he returned from San Antonio, and when it met he was present, but declined to state what damages plaintiff claimed, if any. The record discloses no illegality in the notice on the ground of not stating, or misstating, the character of the road to be laid out, and if the notice be insufficient because signed by only one member of the jury of view, such defect is waived by appearance pursuant to the notice. Railway v. Baudat, 18 Tex. Civ. App. 599, 45 S. W. 939.

[5] The jury of view made their report, and only one objection is urged thereto, namely, that they reported the laying out of a "road" instead of a "third class road." As they were only authorized to lay out a third class road, and no other kind of road could be legally established upon the report as a basis, we do not regard the objection as fatal, and hold that the report was sufficient in law to authorize the establishment of a third class road. Railway v. Baudat, supra.

[6-8] The question then arises whether the commissioners' court complied with the law in its proceedings, taken after such report was filed. The law does not require notice to the landowner of the date when the commissioners' court will pass upon the report of the jury of view. The owner, having received notice from the jury of view, must follow up the proceedings in the commissioners' court, and it is not necessary to give him notice of the time when the court will take up the matter. At the regular May term the court entered an order which plaintiff contended, and still contends, was a nullity, and which Judge Douglas held to be null and void when first passing upon the petition. The commissioners' court was not required to pass upon the matter at the first term, nor at a regular term. Terrell v. Tarrant Co., 8 Tex. Civ. App. 563, 28 S. W. 367. It was not necessary to notify plaintiff of the intention of the court to pass a new order, pursuant to the suggestion of the district judge in his order granting the temporary restraining order, nor does it appear that plaintiff ever filed any objections to the report of the jury of view, or asked to be heard, nor that she was prevented from perfecting an appeal, if she was entitled to appeal without having made any claim for damages.

[9] It further appears that the supplemental petition, in which a want of notice of such intention is pleaded, was not sworn to, and, being a new ground alleged for the purpose of securing relief by injunction, it appears that the same should have been sworn to.

Although the jury of view allowed no damages, no claim being made, the commissioners' court allowed $15, for which a warrant was drawn in favor of plaintiff, and placed in the hands of the county treasurer subject to her order.

We conclude that all of appellant's assignments are without merit, and that therefore the judgment should be affirmed.

Judgment affirmed.