H. Wilmut, plaintiff below, filed suit in the district court of Archer county against J. T. Franklin, Harris-Otis Co., E. M. Hooper, L. M. Capps, L. W. Bigham, and the American Railway Express Company for injunction. He alleged that Franklin was the agent of Harris-Otis 
Co., the name alleged in plaintiff's reply to the defendants' answer to be Stranahan, Harris Aotis, a corporation, and it will be hereinafter so styled; that the Geraldine Commons school district issued $22,000 worth of bonds, payable at stated periods from 1934 to 1954, bearing 6 per cent. interest per annum. He alleged that he had offered, on July 23, 1924, to the trustees of the school district, to wit, L. M. Capps, L. W. Bigham, and George Parrish, to buy said bonds, and had offered to pay par value with accrued interest, plus $1 premium interest payable semiannually, at the county depository of Archer county. He alleged that the proposition was made in writing, and that the trustees, in writing, on July 24, 1924, accepted the same; that plaintiff had always stood in readiness to purchase said bonds, and at the time of filing the suit was then able, ready, and willing to purchase the same, and that he had called upon said trustees and the county superintendent of Archer county and had offered to pay for said bonds upon delivery; that Capps and Bigham, without consulting their associate Parrish, and without notifying him of their intent, in conjunction with the defendant Hooper, who seems to have been the county judge and ex officio county superintendent of Archer county, had undertaken to breach their contract and had had bonds duly issued, registered, and signed by the proper officers, and, on August 8, 1924, said bonds were sent by the American Railway Express Company, by the defendant Hooper, to be delivered to Stranahan, Harris Aotis, Inc., upon the payment of the principal and accrued interest thereon, although higher and better bids therefor had been received; that under the law, such bonds must be sold to the highest and best bidder. He further alleged that Hooper and Franklin had actual knowledge of the plaintiff's contract with the trustees to purchase said bonds, and the acceptance thereof by the trustees, but that they had induced Capps and Bigham to undertake to violate said contract by causing said bonds to be sent to Stranahan, Harris Aotis, Inc., whose domicile he alleged was in Toledo, Ohio; that the bonds, were at the time of filing the suit, in the care of the American Railway Express Company at Toledo, and had not yet been delivered to Stranahan, Harris Aotis, Inc., but would be so delivered unless restrained by the injunction prayed for; that said bonds had been unlawfully delivered to said express company, first, because they belonged to the plaintiff, and, second, because the said Capps and Bigham acted without any authority in undertaking to dispose of them or to deliver them to the said Stranahan, Harris Aotis, Inc. He prayed for an injunction restraining each and all of the defendants from interfering with his contract of purchase and his right to have said contract carried out and the bonds delivered to him upon the payment of the contract price therefor.
The petition was verified, and, upon being presented to the district judge of Archer county, a temporary restraining order was issued, plaintiff being required to give bond in the sum of $1,000.
The defendants moved to dissolve the temporary injunction, alleging that prior to the *Page 972 
application for the writ, and its issuance by order of the court, the bonds described in plaintiff's petition had been sold to Stranahan, Harris Aotis, Inc., of Toledo, and that all the acts of the trustees, L. M. Capps, L. W. Bigham, and the county judge, E. M. Hooper, and the defendant Franklin, which were sought to be restrained by plaintiff in his petition and which the court did restrain, or seek to restrain, by his temporary writ, had been committed, and said bonds, at the time of the application for an injunction and of its issuance, were in the hands of the defendant, the American Railway Express Company, outside the state of Texas and in the state of Ohio; that said defendant American Railway Express Company is a foreign corporation, and that the trial court had no jurisdiction to grant an injunction to restrain its officers and agents who were nonresidents of the state of Texas from delivering said bonds to the consignee in Toledo. Defendants further denied that the plaintiff had a valid and binding contract at the time of the filing of said application for injunction, for the reason that prior to the execution thereof by the trustees of said common school district, said trustees, acting through a majority thereof, had made and executed a valid and binding agreement for the sale of said bonds of the defendant J. T. Franklin, acting for and in behalf of said Stranahan, Harris 
Aotis, Inc., and that said contract was in full force and effect at the time of the attempted agreement to sell said bonds to said plaintiff; that, by reason of said prior sale to said Franklin, the said trustees were without authority in law and in fact to make another sale of said bonds to plaintiff; that plaintiff knew at the time of the execution of his purported contract that said prior sale had been consummated, and that said bonds belonged to said Stranahan, Harris Aotis, Inc. Defendants further denied that said bonds had been unlawfully delivered to said express company, and that the same belonged to plaintiff; and expressly denied that said Capps and Bigham acted without authority in making the contract for the sale of said bonds to Stranahan, Harris Aotis, Inc., and in delivering the same through the county judge to the said American Railway Express Company, to be delivered to said buyer. This answer was verified by the affidavit of J. T. Franklin.
By an unverified pleading, the plaintiff replied to the motion to dissolve, and alleged that before the issuance of the bonds involved in this suit, and before they were even voted, an illegal attempt was made to dispose of the same at less than par value to the defendant Franklin; that the law provides that such bonds should be sold to the highest bidder, and at not less than par, with accrued interest, but that Franklin conceived a scheme of trying to defeat the law by creating a fictitious charge against said bonds for the printing thereof, claiming that the same would amount to a sum largely in excess of the cost thereof; that a suit was filed in the district court of Archer county to enjoin the issuance of said bonds and the delivery thereof under said purported contract to the said Franklin, and that judgment was entered dissolving the injunction so far as the issuance of the bonds was concerned, but perpetuating the same and forbidding the trustees of said district to deliver said bonds under said contract to the said Franklin; that, immediately upon the announcement of said judgment by the court, the plaintiff stated to said trustees in open court that he desired to bid on the bonds when they should be offered, and that it was the duty of the trustees to receive and accept bids as provided by law; that the said Franklin induced two of the trustees of said district, acting severally and not as a board, to wit, the said Capps and Bigham, to agree that said Franklin could have the said bonds, regardless of the outcome of said suit; that all of said facts were withheld from the other trustee, George Parrish, and that no such agreement was made by the board as such; that plaintiff did bid for said bonds and entered into a contract for their purchase, but that said defendants, acting clandestinely, and with purpose to defraud, undertook to get the bonds into the hands of said Stranahan, Harris Aotis, Inc., when it could be claimed that the same, being payable to bearer, had gone beyond the processes of the trial court, and, in furtherance of that scheme, caused said bonds to be delivered to said express company. Plaintiff further alleged that the bonds had a peculiar value to him, inasmuch as he was a taxpayer in said district, and that the taxable values of such district were now abnormally high on account of oil production and activities.
We do not think that it was incumbent upon the trial court, or is incumbent on this court, to attach any significance to any facts alleged for the first time in plaintiff's unverified reply to the defendant's motion to dissolve. It appears that no evidence was offered in the trial on the issues herein involved, and that the court decided the issues upon pleadings only. A material amendment to the petition for a temporary injunction, or a reply which alleges new facts, should be verified in the same manner and to the same extent as the original petition. 32 Corpus Juris, p. 336; Ross v. Veltmann (Tex.Civ.App.) 161 S.W. 1073; Allen v. Abernethy (Tex.Civ.App.) 151 S.W. 348. Especially is this true when the issues are tried upon the pleadings only and no other evidence is introduced. Defendants in their answer, under oath, denied that plaintiff had a valid and binding contract with the trustees to purchase the bonds at the time of filing the *Page 973 
petition for injunction; and especially denied that said bonds were unlawfully delivered to the express company, and that the bonds at that time belonged to plaintiff; and especially denied that Capps and Bigham acted without authority in making the contract for the sale of said bonds to said Stranahan, Harris Aotis, Inc.; and denied that, in delivering them by the county judge to the express company to be delivered to said buyer, they acted unlawfully. It may be argued that in so denying the essential elements of plaintiff's allegations that the defendants pleaded rather a conclusion of law than an allegation of fact. But the trial court may have concluded that the offer alleged to have been made by plaintiff for the purchase of bonds, requiring interest to be paid semiannually, was not in fact as good a proposition as the one offered by the defendant, Stranahan, Harris Aotis, Inc.
In granting or dissolving an injunction, the exercise of sound judicial discretion of the trial court will not be disturbed unless it affirmatively appears that the court has abused such discretion. We are unable to say that in the instant case the large discretion vested in the trial court has been abused. Accordingly we affirm the judgment below.