In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00115-CV

                                                ______________________________

 

 

                                        JOHN A.
HOSKINS, Appellant

 

                                                                V.

 

                                          JEFFREY STOTTS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 73,136

 

                                                          
                                        

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

          John
A. Hoskins, appellant, has filed with this Court a motion to withdraw his
notice of appeal and dismiss his pending appeal in this matter pursuant to Rule
42.1(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.1(a).  The motion is signed by the appellant, who is
representing himself.  

          We grant the appellant’s motion and
dismiss the appeal.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:     January 26, 2010

Date Decided:       January 27, 2010

 

                                                                                    

 

 






N_18_"> (18) As noted above, the parties have not directed this Court to
where in the record there is evidence of the commissioners court proceedings which occurred in
2006. There is no evidence of a petition or other procedural device invoking the authority of the
commissioners court. (19) Further, there is no judgment in the record. Without a judgment or order
from the commissioners court, we fail to see what exactly we are supposed to defer to. Last, and
most important, there is no indication that the county was actually determining whether a sixty-foot
right-of-way was reasonably necessary. Because there is no evidence the commissioners court even
considered what width was reasonably necessary, this case is distinguishable from Tobin. 

 There is a fact issue concerning the width of the road at issue. The judgment in Graff I did
not specify the width of the road. The width of a road established by implied dedication is the
amount which is reasonably necessary for public use of the road at the time the road is determined
to be a public road. The commissioners failed to establish as a matter of law that a sixty-foot right-of-way was reasonably necessary at the time Graff I was decided or that the commissioners court
made such a determination. 

 C. There Are Fact Issues Concerning Whether the Road Is In the Same Location

 In addition, there are fact issues concerning whether the new road is in the same location as
the road established by Graff I. When a county relocates a road, the landowner is entitled to
compensation. 43 Tex. Jur. 3d Highways, Etc. § 102 (2002). Saxon, a licensed surveyor, states in
his affidavit that the new road constructed by the commissioners "is not located where a road is
depicted on the 1981 survey by Mr. Hammett." Hammett testified, in his deposition filed as
summary judgment evidence, that the new construction was "pretty close" to the location of the prior
road. After agreeing there was a gap between the fence line and the road in the 1981 plat, Hammett
testified the county told him to use the fence lines as boundaries for the road in the 1998 plat because
"[t]hey didn't want to leave a strip between the property line" and the road.

 The commissioners argue that minor deviations in the course of the road are not
compensable. In support of this proposition, the commissioners cited O'Connor v. Gragg, 161 Tex.
273, 339 S.W.2d 878 (1960). In O'Connor, the Texas Supreme Court affirmed a finding of a public
dedication of a road even though there were "a few places where the present road deviates from the
old road." Id. at 882. O'Connor is clearly distinguishable from the current situation. The deviations
in O'Connor were natural deviations caused by the use of the public over a period of years. Id. 
There is a fundamental difference between natural deviations created by unknown members of the
public and a change in the location by explicit order of a governmental entity. Further, the issue in
O'Connor was whether the road had been impliedly dedicated, not whether the county could change
the course of a public road. This is not an appeal of a finding that the road was dedicated through
implied dedication. The issue of whether the road is a public road was decided in Graff I. As such,
the location of the road became fixed at that point in time. Any deviation by order of the county after
that point will be hostile to the rights of the adjacent landowner and compensation can be sought. 

 The commissioners failed to prove as a matter of law that the road is in the same location as
the road found to be a public road in Graff I. There are genuine issues of material fact concerning
whether the new construction is in the same location as the road found to be a public road. While
we are skeptical that Graff suffered significant damages due to the changed location, Graff is entitled
to recover compensation if he did incur any damages. (20) 

Conclusion

 We hold the trial court erred in granting the commissioners' motion for summary judgment.
The trial court erred in taking judicial notice of the court records in cause number 134-CV-5-93. 
Graff has failed to show that our decision in Graff II, which found the description of the road in
Graff I was sufficient to identify the road with reasonable certainty, was clearly erroneous. Because
the commissioners failed to prove as a matter of law that a sixty-foot right-of-way was reasonably
necessary for public travel and failed to prove as a matter of law that the new construction is in the
same location, there are genuine issues of material fact. Because we have sustained Graff's first
point of error, the award of attorney's fees must be reversed as well. We reverse the trial court's
judgment, including the award of attorney's fees, and remand this case for further proceedings
consistent with this opinion. 




 Jack Carter

 Justice




CONCURRING OPINION


 I fully concur with the majority that there is insufficient evidence to support the summary
judgment granted by the trial court in this cause and, therefore, the judgment must be reversed and
this matter remanded. 

 However, there are other issues here which should be taken into account, issues which impact
more than the question of the validity of the summary judgment which was granted below. 

 This case is simply the latest chapter in a lengthy controversy concerning a roadway crossing
property belonging to Graff. Issues involving this road were first visited by this Court in 1997 in an
appeal of a judgment finding the existence of a public road over Graff's property by implied
dedication; the issue of the precise location of that road by bearing and breadth was apparently not
raised at that time and this Court affirmed the judgment below. Graff v. Whittle, 947 S.W.2d 629
(Tex. App.--Texarkana 1997, writ denied). 

 In 2006, Graff appealed the denial of a temporary injunction wherein he sought to enjoin Red
River County from entering onto the property to perform upgrades to it. At that time, the want of
an adequate description as contained in the judgment rendered some years before was first raised as
an issue. This Court, in denying Graff's appeal, stated that

 For a legal description to be sufficient, the document must contain, or incorporate by
reference, some other existing writing--a description of the land sufficient to identify
the land with reasonable certainty. See Morrow v. Shotwell, 477 S.W.2d 538, 539,
15 Tex. Sup. Ct. J. 196 (Tex. 1972). The language of the judgment implicitly
references the pleadings by describing the road as the "road in question." Further, a
description may be rendered definite and certain by reference to the pleadings and
other parts of the record. 46 Am. Jur. 2d Judgments § 105 (1994); 47 Tex. Jur. 3d
Judgments § 93 (1998). This Court's opinion in 1997 recited that a registered
professional surveyor, Royce Hammett, testified that in 1981 he had surveyed the
property and marked the course of the road over the property. Graff, 947 S.W.2d at
637. It was clear that the 1981 survey was introduced into evidence at the jury trial
establishing that the road was a public road. In 1998, Hammett diagramed the road
in question with a metes and bounds description, a copy of which was introduced into
evidence. When considered in connection with the pleadings and the record, the
Whittle Judgment is sufficient to describe the road with reasonable certainty.


Graff v. Berry, No. 06-06-00065-CV, 2006 Tex. App. LEXIS 8541 (Tex. App.--Texarkana Sept. 11,
2006, no pet.) (mem. op.). 

 In this case, Graff has asked us to make a finding that the ruling made by this Court in 2006
was clearly erroneous and to revisit the issue of the sufficiency of the description as contained in the
1997 judgment.

 However, even if the 1997 judgment fails to describe which portion of Graff's property is
subject to an implied dedication of a road, that does not make the 1997 judgment a nullity; it simply
fails to describe the precise location of the road. The essential elements of implied dedication are:

(1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to
public use; (2) the landowner was competent to do so; (3) the public relied on these acts and will be
served by the dedication; and (4) there was an offer and acceptance of the dedication. Lindner v.
Hill, 691 S.W.2d 590, 592 (Tex. 1985). It is the existence of those elements, not the 1997 judgment,
which created the right of the public to the road in controversy. The 1997 judgment simply made
the requisite findings that such a public roadway existed. However, a written description of the road
as it existed on the ground did not exist before the 1997 judgment and it did not exist thereafter. As
a consequence, there is an enforceable judicial decision that in 1997 a roadway existed which crossed
over Graff's property. That finding simply did not specify its location or describe which part of
Graff's property was subjected to it. 

 The doctrine of stare decisis would strongly urge us to be consistent with our previous
judgment and refuse to take the position that the description is inadequate. Stare decisis is the
preferred course because it promotes the evenhanded, predictable, and consistent development of
legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived
integrity of the judicial process. Adhering to precedent "is usually the wise policy, because in most
matters it is more important that the applicable rule of law be settled than it be settled right." Payne
v. Tennessee, 501 U.S. 808, 827 (1991). People have the right to be able to know what the laws are.

 However, stare decisis here is a two-edged sword. Although our Court is obligated under that
principle to give the nod to our previous decisions, it also requires us to follow the decisions of
prevailing law as set out by higher courts. That would include our obligation to apply the law as it
pertains to descriptions of land. That law is accurately stated in Morrow v. Shotwell, 477 S.W.2d
538 (Tex. 1972).

 The rule by which to test the sufficiency of the description is so well settled at this
point in our judicial history, and by such a long series of decisions by this court, as
almost to compel repetition by rote: To be sufficient, the writing must furnish within
itself, or by reference to some other existing writing, the means or data by which the
land to be conveyed may be identified with reasonable certainty. See Norris v. Hunt,
51 Tex. 609 (1879); Osborne v. Moore, 112 Tex. 361, 247 S.W. 498 (1923); Smith
v. Sorelle, 126 Tex. 353, 87 S.W.2d 703 (1935); Wilson v. Fisher, 144 Tex. 53, 188
S.W.2d 150 (1945); Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222 (1949); Hoover
v. Wukasch, 152 Tex. 111, 254 S.W.2d 507 (1953); Broaddus v. Grout, 152 Tex.
398, 258 S.W.2d 308 (1953); Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468
(1955).


Id. at 539.

 The need for a writing to contain an adequate description in order for it to be effective to
impress an estate on land applies to judgments as well as to private writings. See Wooten v. State,
142 Tex. 238, 177 S.W.2d 56, 57 (1944) (in cases of eminent domain, land must be described with
reasonable certainty and description must be sufficient enough that "a surveyor could go upon the
land and mark out the land designated"); Arnold v. Crockett Indep. Sch. Dist., 404 S.W.2d 27, 28
(Tex. 1966) (in ad valorem tax suit cases, description of foreclosed land must be sufficient or
judgment is void).

 After having viewed the surveyor's plat upon which the jury relied in the 1997 case (this
being the same writing upon which this Court relied in the 2006 case), it is my opinion that it does
not adequately describe the route or width of the roadway to sufficiently impress the land with the
public's right to travel on it. Although the plat shows a dotted line crossing over the property to
reveal the general whereabouts of the roadway (one which does not abut any property line except
where it enters and exits Graff's tract of land), the plat reveals neither the distance of the entry of the
roadway from any corner nor does it reference any monument; it specifies neither its bearings and
distances nor its location with the Graff tract. The very fact that Red River County and Graff still
reasonably differ concerning the width of the road and its location on the ground is some evidence
in and of itself that there is an inadequate description to guide them. 

 Our 2006 finding that the description was sufficient was based partly upon the supposition
that the missing elements to the description could have been supplied with reference to the pleading
in the original 1997 case and upon the belief that the surveyor's 1998 plat (which bore more
information as to the bearings and distances of the roadway) reflected precisely the same road shown
on the 1981 plat introduced into evidence in the trial of the 1997 case. There are two flaws with
those assumptions: (1) In the matter of supplying the missing elements of the description by
reference to the files of the 1997 case, this does not take into account what this Court knows now
that it did not know then: those records do not exist. Even if they did, this would need to assume
that something in the pleadings did adequately describe the roadway, this being speculative, at best. 
Simply referring to the road as being the one "in controversy" or the "road in question" would require
parol evidence to determine precisely what road was being referenced. Would it not take an
additional finding by a court to determine precisely what road was in controversy or which road was
in question? and (2) the 1998 plat plainly shows a different route for the roadway than that shown
on the 1981 plat. The 1981 plat reflects that the road did not abut the property now owned
individually by one of the defendants in the instant case (now sued in his capacity as a county
commissioner), but the 1998 plat shows the road to hug the lines of that property; the 1981 plat
reflects the roadway to meander, but the 1998 plat shows the roadway to be virtually straight lines;
Hammett, the surveyor, testified that the county commissioner had instructed him to show the
roadway on the 1998 plat abut and adjoin boundary lines, not as being situated entirely on the Graff
property as reflected on the 1981 plat. (21) 

 In determining the proper location of a survey line, "[t]he cardinal rule is that the footsteps
of the original surveyor, if they can be ascertained, should be followed." Hurr v. Hildebrand, 388
S.W.2d 284, 288 (Tex. Civ. App.--Houston 1965, writ ref'd n.r.e.); see also Humble Oil & Ref. Co.
v. State, 162 S.W.2d 119, 132 (Tex. Civ. App.--Austin 1942, writ ref'd). The problem is that the
plat of the 1981 survey of the road left no ascertainable footsteps which can be followed and, even
if they could have been followed, the road shown on the1998 plat plainly does not follow them.

 Accordingly, if we are to follow the principle of stare decisis, it would seem that we are faced
with the dilemma of deciding which precedent we are to follow: the general principles of law
concerning the sufficiency of descriptions involving interests in real estate or the law as this Court
determined to apply to the description of the roadway in this case. The general law, as I perceive it
to be, having more impact and being dictated by higher courts is the one I choose to follow.




 Bailey C. Moseley

 Justice


Date Submitted: January 16, 2008

Date Decided: March 18, 2008

1. Unless otherwise specified, we will refer to the appellees collectively as the commissioners. 
Ward, Caton, Hausler, and Whittle, in their official capacities, filed a brief which merely concurred
with the brief filed by Whittle and Berry in their personal capacities. We note Red River County has
not been joined as a party. The parties have not briefed whether Red River County is a necessary
party to this appeal.
2. We note Graff complains he is being improperly taxed for the public road. Graff has not
adequately briefed this issue, and the improper taxation argument is overruled as both multifarious
and inadequately briefed. Texas law grants us discretion to summarily overrule any multifarious or
inadequately briefed points of error. See, e.g., Foster v. State, 101 S.W.3d 490, 499 (Tex.
App.--Houston [1st Dist.] 2002, no pet.); H.B. Zachry Co. v. Ceco Steel Prods. Corp., 404 S.W.2d
113, 133 (Tex. Civ. App.--Eastland 1966, writ ref'd n.r.e.); see also Tex. R. App. P. 38.1. Although
Graff's first point of error is multifarious, we address his remaining arguments in the interest of
justice. 
3. This Court stated, "[I]t would be inconsistent for the court to find that the strip in question
was both a public road and an easement." Graff v. Whittle, 947 S.W.2d at 641. We note an easement
can be either public or private. This statement, though, is contained in a paragraph addressing the
trial court's alternative findings that "if the property was not a public road, it would be an easement
(specified the three different types of easements sought by Whittle and Berry as alternatives)." Id. 
The three different easements (prescription, necessity, absolute necessity) found in the alternative
by the trial court's judgment were private easements. We believe that this Court's statement is most
correctly interpreted as holding that a finding of a public road is inconsistent with a finding of a
private easement. Further, the context of this Court's statement clearly indicates it was deciding
between the alternative methods of establishing an interest in a road rather than deciding whether
the county owned the road in fee simple. Neither the trial court's judgment nor this Court's opinion
on appeal decides whether the county owns the road in fee simple or merely has an easement. A
county can own a public road in fee simple or have an easement. See City of San Antonio v. City of
Boerne, 111 S.W.3d 22, 31 (Tex. 2003). The nature of the county's interest in the road has not been
briefed to this Court.
4. The record contains a copy of the commissioners court minutes approving the 1998 plat.
5. Whittle, who had been a party to Graff I, had been elected a county commissioner.
6. We note the record does not contain any orders or other evidence of the commissioners court
proceedings in 2006 creating a first-class road with a sixty-foot right-of-way. We note a county may
prove certain omissions in the record by extrinsic evidence. See Hill v. Taylor County, 294 S.W.
868, 870 (Tex. Civ. App.--Eastland 1927, no writ). Even if these omissions could be proven with
extrinsic evidence, the parties have not directed us to where in the record such evidence is located. 
The excerpts from the testimony from Graff II introduced by Graff as summary judgment evidence
establish that the new construction will include a road with a sixty-foot right-of-way. The parties
have not directed us to where the record establishes that the commissioners court classified this road
as a first-class road, and we have not discovered, in our own review of the record, any additional
evidence of the commissioners court proceedings.
7. In a habeas corpus appeal, the First District Court of Appeals has suggested an appellant
must make sure the document being noticed is included in the record if the appellant wishes to
challenge the trial court's actions on appeal. Kaman v. State, 923 S.W.2d 129, 131 (Tex.
App.--Houston [1st Dist.] 1996, no pet.).

8. We note the trial court's judgment was attached to the summary judgment motion. The trial
court did not err in taking judicial notice of the judgment in cause number 134-CV-5-93.
9. Graff argues res judicata does not prevent this Court from reconsidering Graff II because
it is not a final judgment. In their motions for summary judgment, the commissioners argued to the
trial court that res judicata bars reconsideration of the sufficiency of the description in Graff I. The
commissioners argued Graff II became "the rule of the case and is res judicata on any question
regarding sufficiency of the description." While the commissioners did not rely on the doctrine of
res judicata in their briefs, the commissioners argued at oral argument that res judicata bars
reconsideration of Graff II on appeal. Although the doctrines of res judicata and law of the case are
closely related, they are not identical. While the doctrine of law of the case may bar a party from
challenging matters fully litigated and determined in the appeal of a temporary injunction,
res judicata requires the judgment to be final. Compare State & County Mut. Fire Ins. Co. v. Miller,
52 S.W.3d 693, 696 (Tex. 2001), with Texaco, Inc. v. Parker, 373 S.W.2d 870, 872 (Tex. Civ.
App.--El Paso 1963, writ ref'd n.r.e.). Although the doctrine of law of the case applies to issues
decided in Graff II, res judicata does not apply. 
10. We note the Waco Court of Appeals has questioned the holding in Greer. See Steele v.
McDonald, No. 10-05-00266-CV, 2007 Tex. App. LEXIS 6120, at *14-15 (Tex. App.--Waco
Aug. 1, 2007, pet. denied) (citing Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005)). In AIC
Management, the Texas Supreme Court did not attempt to reconcile its holding with the definition
of void contained in Browning. See AIC Mgmt., 2008 Tex. LEXIS 64. 
11. Copies of the pleadings in Graff I were admitted as evidence in Graff II.
12. When asked at oral argument for a case holding a judgment finding a public road to be void
for an insufficient description, Graff directed this Court to Las Vegas Pecan & Cattle, 682 S.W.2d
at 257. While the Texas Supreme Court instructed the trial court to include metes and bounds
description on remand, the court did not find the judgment to be void due to an insufficient
description. Id. Las Vegas involved a direct appeal of an implied dedication. Id. As such,
Las Vegas is clearly distinguishable from the argument in this case. Our own research has not found
any case where a jury verdict, finding a public road by an implied dedication, has been held to be
void due to an insufficient description. See Tabor v. Hogan, 955 S.W.2d 894, 897 (Tex.
App.--Amarillo 1997, no pet.) (no description in judgment); Uvalde County v. Barrier, 710 S.W.2d
740, 747 (Tex. App.--San Antonio 1986, no writ). 
13. Provided the description is sufficient to provide the "framework or skeleton," a court may
resort to extrinsic evidence to determine the width of an easement. W. Beach Marina, Ltd. v.
Erdeljac, 94 S.W.3d 248, 265 (Tex. App.--Austin 2002, no pet.); see Wilson, 188 S.W.2d at 152;
cf. Brown v. Texarkana, 269 S.W.2d 804, 809 (Tex. Civ. App.--Texarkana 1954, writ ref'd n.r.e.). 
While we note this rule was announced in the context of an easement, we believe this rule applies
with equal force to public roads regardless of whether the public road is an easement or owned in
fee simple.
14. A county cannot abandon a road merely by failing to maintain the road. See Rutledge v.
Staner, 9 S.W.3d 469, 472 (Tex. App.--Tyler 1999, pet. denied). "Common-law abandonment
'occurs when the use for which property is dedicated becomes impossible, or so highly improbable
as to be practically impossible, or where the object of the use for which the property is dedicated
wholly fails.'" Id. at 471. A county can also order a public road to be abandoned under the
procedures delineated by the Texas Transportation Code. Tex. Transp. Code Ann. § 251.058
(Vernon 1999). A road can also be abandoned if a landowner encloses the road with a fence
continuously for twenty years. Tex. Transp. Code Ann. § 251.057(a) (Vernon 1999). Neither party
has argued, and the record does not establish, that the 1901 road had been abandoned.
15. Graff cites Scaling v. Denny, 58 Tex. Civ. App. 279, 125 S.W. 351, 353 (Tex. App.--Fort
Worth 1909, no writ), for the proposition that, when the width of a road is not described in a
judgment, the width of the road is the minimum width provided for that class of road in the statute. 
In 1901, the minimum width of a third-class road was twenty feet. Tex. Rev. Civ. Stat. art. 4685
(amended 1911), available at http://www.sll.state.tx.us/codes/1895/1895civ20.pdf. Graff has failed
to direct us to where this argument was presented to the trial court. Thus, this argument is not
preserved for our review. See Tex. R. App. P. 33.1(a). Further, as discussed below, there is no
evidence the 1901 road is the same road as the road in dispute.
16. We also note that res judicata may bar the commissioners from claiming the road in dispute
was created in 1901. In Graff I, the jury found the road to be a public road by implied dedication.
See Graff v. Whittle, 947 S.W.2d at 641. The commissioners' argument that the road was created by
the commissioners court in 1901 is inconsistent with a finding that the road was created by implied
dedication. The commissioners' argument could have been and should have been litigated in Graff I. 
As such, res judicata may preclude the commissioners from arguing in this lawsuit that the road was
created by the 1901 commissioners court minutes. Graff, though, does not argue that res judicata
bars the commissioners' claims. We are prohibited from addressing unassigned error, i.e. a ground
not presented in the appellate briefs. Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998);
Wal-Mart Stores, Inc. v. Kelley, 103 S.W.3d 642, 645 (Tex. App.--Fort Worth 2003, no pet.).
17. Graff argues the width should be determined based on the scale of the 1981 plat. However,
Hammett testified by deposition that the road on the 1981 plat was not drawn to scale and he did not
measure the width of the road when drafting the 1981 plat. Hammett agreed the road was "one-car-wide" in 1981. 
18. When a county establishes a road under the Texas Transportation Code, the proper
classification of a road and its width are not issues of fact. Alexander, 640 S.W.2d at 78. A
commissioners court is merely exercising its statutory prerogative which cannot be reversed absent
an abuse of discretion. Id. As discussed above, this case does not involve a road established under
the Texas Transportation Code.
19. We note the commissioners court, under the Texas Transportation Code, is required to
"classify each public road in the county as a first-class, second-class, or third-class road." Tex.
Transp. Code Ann. § 251.007 (Vernon 1999). The parties have not briefed, nor do we decide, how
the commissioners court authority should be invoked. 
20. Although Graff did not provide any evidence of damages, the commissioners filed a
traditional motion for summary judgment and did not argue there was no evidence of damages. 
21. This information was likewise not before this Court in 2006.