## BAKER et al. v. HILL et al.
### No. 8562.

Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1930.

Rehearing Granted Jan. 21, 1931.

Rehearing Overruled Feb. 18, 1931.

J. F. Carl, of Edinburg, for appellants.

Geo. P. Brown, of Edinburg, and L. J. Polk, of Pharr, for appellees.

COBBS, J.

This original case was filed and appealed to this court as E. B. Baker et al., appellants, against State of Texas, et al., appellees, and this court reversed the judgment, and further held: "The judgment of the trial court is reversed, and judgment is here rendered that a appellees take nothing by their suit. And further, it is the judgment of this court that the Ed Couch independent school district, with all the territory incorporated therein at said election, is, and it is hereby adjudged to be, a legally established and constituted independent school district under the laws of this state, and that the individual appellants herein are, and are hereby adjudged to be, the duly elected and qualified trustees of said independent school district, with all the powers and duties given by law to such trustees, to the exclusion of appellees. The costs of the appeal will be taxed against the relators."

Subsequently the Supreme Court granted a writ of error therein [see (Tex. Civ. App.) 26 S.W.(2d) 325]; and the case is now pending in the Supreme Court on application for writ of error.

In the former appeal of the case this court held, in effect, that the Ed Couch independent district and its trustees superseded common school district 16 and its trustees, for all purposes. It follows, as a matter of course, that that decision excluded the common school district trustees from further control of the school affairs in said district, and the trial court should have granted the temporary injunction herein prayed for. It is true that the Supreme Court has granted writ of error to this court in that case, but the decision of this court must be regarded as the law of the case until the Supreme Court has finally determined the matter.

The order of the trial court denying the injunction prayed for will be reversed, and judgment here rendered granting said injunction, to remain in full force until the prior appeal shall have been finally determined in the Supreme Court.

Judgment reversed, and injunction granted at the cost of appellees.

### On Motion for Rehearing.

SMITH, J.

At an election held for that purpose on January 29, 1928, the citizens of the territory involved voted to create and incorporate Ed Couch independent school district to embrace parts of common school districts 16, 2, and 18, in Hidalgo county. The state, upon the relation of the trustees of common school district 18, instituted a proceeding in the nature of quo warranto to determine the legality of a newly created independent district and whether the existing trustees of the common districts shall continue to function as such to the exclusion of the newly elected trustees of the Independent District. Upon appeal from the judgment of the trial court in that cause, this court

held that the independent district was legally created, and replaced the common districts, and that the trustees of the independent district must supersede the trustees of common school district 18. Baker v. State, 26 S.W.(2d) 324. Writ of error was granted in the case by the Supreme Court, where the matter still pends. The trustees of common school districts 2 and 16 were not parties to the quo warranto proceeding, and the judgments of the several courts therein do not operate directly upon them.

It appears from the record herein that the trustees of the independent district have not taken over the control and management of the common districts embraced in the newly created independent district, but seem to be awaiting the final disposition by the Supreme Court, of the quo warranto proceeding. In the meantime the trustees of the common school districts, and particularly district 16, have continued undisturbed in the active management and control of the schools within their respective districts, and are keeping those schools in operation.

In the summer of 1930 the trustees of common district 16 concluded that a new school building was essential to the scholastic needs of the district, and accordingly purchased a site and arranged to finance and construct such building, whereupon the independent district and its trustees brought this action to restrain the common district trustees from spending the funds of the district for the proposed improvement. The trial court granted a temporary restraining order, and, upon a hearing, while refusing a temporary injunction, ordered that the original restraining order remain in force pending disposition of the case on appeal. The independent district and its trustees have appealed from the order denying the temporary injunction, while by cross-assignments the common district and its trustees complain of the trial court's order continuing in force the temporary restraining order pending this appeal.

█ As a practical matter, the action of the trial court operates in effect as a temporary injunction restraining the common school district and its trustees from controlling and managing the scholastic affairs in that district.

It appears from the record that the independent district has never been put in operation, nor have its trustees undertaken to take over the control and management of the schools therein, or otherwise perform the duties of their office. On the other hand, the trustees of common district 16 have continued to exercise control of the schools within their district, employing and paying teachers, furnishing facilities for the operation of the schools, and performing all the other functions incident to their office, and we have concluded that the courts should not exercise their purely equity powers to interfere with those trustees and tie their hands, pending the settlement of the unhappy and unfortunate litigation growing out of the quo warranto proceeding, which, after more than two years' duration, is still pending, with no means of foreseeing its end. Public policy, as well as every other proper consideration, requires that the scholastics of the district be furnished the educational facilities vouchsafed them under the Constitution and laws of the state. The trustees of common district 16 have the status at least of de facto officers, are in actual and heretofore uninterrupted control of the school affairs of the district, have been actively and satisfactorily performing their duties as such, and courts of equity will not cut them off from or hamper them in the exercise of the discretion inherent in their office, until they are ousted by others who have shown themselves entitled to superior rights over them.

The judgment of the trial court denying a temporary injunction is affirmed, but its decree continuing in force the temporary order restraining appellees from proceeding in their discretion to perform the duties of their office will be set aside and held for naught. Because of the nature of the relief granted here, the costs of this appeal will be taxed equally against appellants and appellees.

Affirmed in part, and in part reversed and rendered.