**TEXACO INC., Appellant and Appellee,**

**v.**

**Alvin H. PARKER, Appellee and Appellant.**

**No. 5590.**

Court of Civil Appeals of Texas.

El Paso.

Nov. 27, 1963.

Rehearing Denied Jan. 8, 1964.

Stubbeman, McRae, Sealy & Laughlin, Rush Moody, Jr., W. B. Browder, Jr., W. N. Sands and Johnston S. Rowe, Midland, for appellant.

Will Hadden, Odessa, for appellee.

PRESLAR, Justice.

This is an appeal from a trial on the merits in which the plaintiff, Alvin H. Parker, sued Texaco Inc. in trespass to try title, for damages actual and exemplary, and for permanent injunction. While cast as a trespass to try title suit, it is actually the age-old battle between the surface owner and mineral owner, as to their respective rights in the use of Section 2, Block 44, T–2–S, T. & P. Ry. Co. Survey, Ector County, Texas. By separate deeds Texaco Inc. had acquired title to all the minerals under the South half of said Section, and one-half the minerals under the North half thereof. Their deeds provided, in what can be termed the usual language, for the right of ingress and egress for the purposes of developing and producing the minerals. Parker's deed to the surface was acquired after the minerals had been separated from the surface, and contained a reservation that the mineral owner had the right of ingress and egress. The gist of the action was to determine and preserve the rights of the parties by injunction. Two suits in the trial court were combined for this trial by jury. In cause No. 16257 in the trial court, Parker sued Texaco and some 29 other defendants (agents, employees and contractors of Texaco) in trespass to try title, for monetary damages, and injunctive relief by reason of Texaco's development of its mineral estate under the section; and Texaco cross-acted for injunctive relief to prevent Parker from interfering with such development. In cause No. 19417, Texaco sued Parker and the Commissioners Court of Ector County seeking to set aside a

conveyance of a portion of an alleged public road by the County to Parker, and seeking injunction to prevent Parker from interfering with Texaco's use of such road leading to the section in question.

From a trial court judgment denying Parker damages, granting Texaco injunctive relief in certain respects, but also granting Parker injunctive relief in certain respects, both parties appeal, Texaco as appellant and Parker as cross-appellant.

By assignments of error, properly preserved for appeal by reason of having been a part of its motion for judgment on the verdict (Rule 324), appellant Texaco asserts that certain issues determined on this trial have already been determined on the two previous hearings on temporary injunction and are res judicata. In that connection it is noted that Parker brought suit for temporary injunction against Texaco, Texaco cross-acted for injunction, the matter was quite fully tried in the trial court, appealed to this court with three volumes of statement of facts, this court affirmed the trial court's injunction against Parker (cause No. 5384 in this court, 326 S.W.2d 579), and writ was refused N.R.E. by the Supreme Court. A second injunction suit was brought by Texaco against Parker, and it was fully developed in the trial court. The record in the prior suit was introduced in the second suit, and it was appealed again to this court, No. 5396 in this court. The two actions were combined in the trial court for trial on the merits, and the record in the two prior hearings was withdrawn from this court for use in the trial on the merits, which is the case now before us on appeal. This court now has before it many of the exhibits and evidence for the third time, and is called upon again to construe some of the instruments for the third time.

 Ordinarily an appeal from an order granting or denying an interlocutory injunction is to be determined on the proper exercise by the trial court of judicial discretion. However, the parties may elect to

distinctly put in issue questions of law and matters of fact and fully develop them before the trial court and bring them forward on appeal in such manner that their determination becomes final. Thus, the general rule that an interlocutory judgment will not support a plea of res judicata may have its exceptions. It depends on what was done. This is set out clearly in Wilson v. Abilene Independent School District, 204 S.W.2d 407 (East.Civ.App., 1947 Err. Ref. N.R.E.) where, on the second appeal of a temporary injunction suit, the appellate court upheld the trial court's action of sustaining the plea of res judicata and dismissing the case. The court reasoned that its case conformed to the well-established rule as to the application of res judicata, to-wit:

"The general principle, announced in numerous cases, is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies."

Of the cases which apply the above rule to temporary injunctions, those more like the one before us are Daniel v. Kittrell, 188 S.W.2d 871 (Waco Court of Civil Appeals), and Hudspeth v. Guggenheim, 12 S.W.2d 238 (San Antonio Court of Civil Appeals, writ dismissed). Even though in the strict sense the decision on appeal from the granting or refusal of a temporary injunction may not be res judicata of the issues on final hearing, it may become the law of the case as to the legal principles declared. Birchfield v. Bourland, Tex.Civ.App., 187 S.W. 422; International Longshoremen's Ass'n v. Galveston Mar. Ass'n, 358 S.W.2d 607 (Civ.App.1962); Baker v. Hill, Tex. Civ.App., 35 S.W.2d 779 (Wr.Dism.); Hayden v. City of Houston, Tex.Civ.App., 305 S.W.2d 798 (Wr. ref. N.R.E.). This is as it should be, for a dissatisfied litigant has a choice—he may appeal or seek a trial on the merits. Having elected to appeal, he should thereafter be bound by matters

fully litigated and determined in the same manner as appeals from final judgments. The desirability of ending all litigation as soon as possible is further justification for these exceptions to the general rule.

It would be difficult to conceive of a case where the issues have been more thoroughly litigated on appeal, prior to final hearing, than the case before us. We are of the opinion that many of the matters considered on final hearing were res judicata, as above defined, or became established legal principles so as to be the law of the case within the meaning of the above-cited cases.

■ By its Points of Error 1 and 2, appellant Texaco sets out some eleven legal principles which it urges are res judicata and should have been found by the trial court when Texaco excepted to plaintiff's pleadings, or on Texaco's motion for directed verdict or their motion for judgment. With that we agree, except for certain differences in the language used, but we do not think it would serve any useful purpose to discuss each of them, for they are not in conflict with the result eventually reached by the trial court except in two instances, which will be discussed. The first of these is also the subject of Texaco's Points numbers 7 and 8, and complains of that portion of the judgment which restricts Texaco's use of the North one-half of Section 2, in connection with development and operation of the South one-half, to travel on and across the North half to reach the South half. In other words, in this respect the judgment requires Texaco to treat the North and South portions of Section 2 as two separate tracts for development and operation, but does allow passage over the one to get to and from the other. In this we think the trial court's judgment is incorrect, and it is here modified in that that restriction will be eliminated to the extent that Texaco shall have the right to develop and operate the entire Section 2, free of interference from Parker. Lest we be misunderstood, the judgment is reformed in this connection to enjoin Parker to the same extent and in the same particulars as to the whole of Section 2 as he is now enjoined as to the South one-half of said Section 2. The rights of the parties in this connection depend on, and arise out of, the respective written instruments by which they acquired title, and have already been twice construed by this court. Surely the matter of title to such section should be res judicata, for we fail to see how any different evidence could have been produced on that question, and in fact it was not.

■ The second matter urged by Texaco as res judicata, and contrary to the judgment, is that portion of the judgment which restrains Texaco from interfering with Parker in his placement of a gate at the northeast corner of Section 2, keeping it locked and furnishing Texaco with a key. This is also the subject of Texaco's Points 3 through 6, and all will be considered together. We do not think this question is res judicata, nor has it been established as the law of the case. First, the judgment is clear that the place at which the gate is permitted is on the line of Section 2, and not on the public road across the West 300 feet of Section 1. This court specifically held that Texaco had a right to use such road to get on to Section 2, and that is res judicata, but we did not determine that such public road continued within Section 2. We determined, and here affirm, that Texaco had a right to use so much of the surface of Section 2 as is reasonably necessary to develop and produce its minerals. Theirs is the dominant estate, but as this court said in Gulf Oil Corporation v. Walton, 317 S.W.2d 260: "The only limitation on this right of the holder of the dominant estate, to-wit, the mineral estate, is that such holder must not make an unreasonable use of the premises." Texaco has the right to use the surface, but the question whether or not the use which is being made of it is reasonable is one of fact for the jury. That such is a fact question is now well established. Texaco Inc. v. Joffrion, Tex. Civ.App., 363 S.W.2d 827 (ref. N.R.E.),

citing and quoting from an article by Dean Page Keaton and Lee Jones, Jr., in 35 T.L. R. at p. 4, and citing Moore v. Decker, 220 S.W. 773, Tex.Com.App.1920; and Joyner v. R. H. Dearing & Sons, Tex.Civ.App., 112 S.W.2d 1109.

The question presented here is whether the act of the servient estate in locking the gate and furnishing the dominant estate a key is an unreasonable interference with the rights of the dominant estate, determinable as a matter of law from the instruments of title, or whether it involves the unreasonableness of the use being made, so as to be a fact question. The trial court treated it as a fact question and presented it to the jury. That we think was correct. The Austin Court of Civil Appeals has twice passed on the question under a similar fact situation and declared it to be a fact question. Carleton v. Dierks, 195 S.W.2d 834 (no writ history), and Carleton v. Dierks, 203 S.W.2d 552 (refused, N.R.E.). The jury having determined that a use of the premises by Texaco in a manner other than through a locked gate would be an unreasonable use of the premises, that portion of the judgment pertaining to the gate on Section 2 will not be disturbed, and appellant Texaco's points in that regard are overruled

By its Points 9, 10 and 11, Texaco notes the failure of the trial court to incorporate in its judgment a proposed plan of future development of Section 2. A single issue was submitted to the jury as to this phase of the lawsuit, which issue inquired whether such plan was reasonably necessary. The jury answered in the affirmative. We fail to see where the plan for development in the future creates any cause of action which would entitle Texaco to any relief not already granted or available to it. Such points of error are accordingly overruled.

Both appellant and appellee complain of the action of the trial court in assessing costs—one-third against Texaco and two-thirds against Parker. We find that the trial court did not abuse its discretion in assessing costs. Texaco's Point of Error No. 12 and Parker's Point of Error No. 12 are accordingly overruled.

Cross-appellant Parker, by his Assignments of Error 1 through 4, urges that the trial court erred in granting Texaco the right to travel across the North half to reach the South half of Section 2; in enjoining Parker from interfering with Texaco in its crossing of the North half to reach the South half; in failing to enjoin Texaco from using the South half of Section 2 to develop the North half; in enjoining Parker from interfering with Texaco in its use of the North half to develop the North half and its use of the South half to develop the South half. All of these matters are determined by the nature of title each party acquired by its respective deeds. Those titles have not changed since this court twice before construed them (see our opinion in 326 S.W.2d 579). They are res judicata, and Points 1 through 4 are overruled.

Cross-appellant assigns as error the action of the trial court in enjoining him from interfering with Texaco's use of the West 300 feet of Section 1 to reach Section 2. We overrule this contention and think it sufficient to note that in a prior opinion we established that Parker was seeking equity while not doing equity in this regard, and was in no position to complain. We did not pass on the legality of the transaction between Parker and Ector County, except to find that the trial court did not abuse its discretion in that regard. We did find, however, that by such actions Parker was attempting to do indirectly what the court had enjoined him from doing directly, and that finding remains as controlling law of the case here

By their briefs the parties agree that to the extent that the trial court's judgment does not specifically find title to the West 300 feet to now be in Parker, it may be modified; and it shall be modified to pro-

vide: That plaintiff and cross-defendant Alvin H. Parker have and recover judgment against all the defendants for title and possession of the West 300 feet of Section 1, Block 44, T–2–S, T. & P. Ry. Co. Survey, Ector County, Texas, less and except all oil, gas and other minerals in, on and under said land, and subject to the right of defendant and cross-plaintiff Texaco Inc., its agents, representatives, employees, contractors and servants, to travel across and use that certain public roadway traversing the northernmost 80 feet of the West 300 feet of said Section 1, Block 44, T–2–S, T. & P. Ry. Co. Survey, Ector County, Texas.

We have considered cross-appellant Parker's other assignments of error and find them without merit, and same are accordingly overruled

The judgment is modified in part, sustained in part, and reversed and rendered in part.