In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00065-CV


______________________________




STANLEY GRAFF, Appellant



V.



VERNON BERRY, ET AL., Appellees




 


On Appeal from the 6th Judicial District Court


Red River County, Texas


Trial Court No. CV01133




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 This is an interlocutory appeal from the trial court's denial of a temporary injunction. When
Red River County began making improvements on a road crossing Stanley Graff's property, Graff
brought suit against Vernon Berry, M.D. Whittle, individually and in his capacity as county
commissioner; Rufus Ward, Jr., in his official capacity as county commissioner; Elmer Caton, in his
official capacity as county commissioner; and Josef Hausler, in his official capacity as county
commissioner. Graff sought to enjoin Red River County from making improvements to the road in
question. The commissioners (1) claimed the road was a public road because it was the same road that
was found to be a public road in previous litigation between Graff, Whittle, and Vernon Berry. (2) In
addition, the commissioners claimed the public road included a sixty-foot right-of-way. The trial
court denied Graff's motion for a temporary injunction. 

 Graff alleges three points of error on appeal. He alleges the trial court abused its discretion
in denying the petition under Section 65.011(5) of the Texas Civil Practice and Remedies Code. In
the alternative, Graff alleges the trial court abused its discretion in denying the temporary injunction
under the common law. Finally, Graff alleges the trial court exceeded the scope of its authority in
a temporary injunction hearing by deciding ultimate issues in the case as well as additional
extraneous issues. We affirm the judgment of the trial court because 1) Graff failed to preserve his
argument that Section 65.011(5) does not require an inadequate legal remedy, and an inadequate
remedy is required even if the argument had been preserved, 2) the trial court did not abuse its
discretion in denying the temporary injunction, and 3) Graff has failed to show reversible error even
if the trial court's findings exceeded the scope of a temporary injunction hearing.

1) Graff has Failed to Show the Trial Court Committed Reversible Error Under Section
65.011(5) of the Texas Civil Practice and Remedies Code

 In his first point of error, Graff argues that Section 65.011(5) does not require an inadequate
legal remedy in order for the trial court to issue a temporary injunction. Section 65.011(5) of the
Texas Civil Practice and Remedies Code provides that an injunction may be granted if "irreparable
injury to real or personal property is threatened, irrespective of any remedy at law." Tex. Civ. Prac.
& Rem. Code Ann. § 65.011(5) (Vernon 1997). At the conclusion of the hearing, the trial court
explained it was denying the temporary injunction because Graff had an adequate remedy at law. 
According to Graff, the trial court abused its discretion in denying a temporary injunction because
an inadequate remedy at law is not required. Graff, though, has failed to preserve error on this point
of error. Further, even if error has been preserved, Section 65.011(5) still requires an inadequate
remedy at law.

 Although Graff cited Section 65.011 to the trial court, Graff has not directed us to where he
argued to the trial court an inadequate remedy at law was not required. At trial, Graff argued an
inadequate remedy at law was required. In order to preserve error for appeal, a party must make a
timely and sufficiently specific objection or motion in the trial court that states the grounds for the
ruling with sufficient specificity and complies with the rules of evidence or procedure. Kerr-McGee
Corp. v. Helton, 133 S.W.3d 245 (Tex. 2004); see Tex. R. App. P. 33.1(a). Graff failed to preserve
this issue for appellate review. 

 Even if Graff had preserved error, he has failed to show the trial court erred. The
commissioners cite Town of Palm Valley v. Johnson, 87 S.W.3d 110, 110-11 (Tex. 2001), for the
proposition that an inadequate remedy at law is still required under Section 65.011(5). Graff argues
Johnson is distinguishable because it involves Section 65.011(1), not Section 65.011(5). However,
the Texas Supreme Court has held Section 65.011(5) requires both irreparable injury and an
inadequate legal remedy. Storey v. Cent. Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615, 619
(1950) (construing predecessor to Section 65.011(5), which authorized an injunction when
"irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy
at law"); Cardinal Health Staffing Network, Inc. v. Bowen, 106 S.W.3d 230, 234 (Tex.
App.--Houston [1st Dist.] 2003, no pet.) (3) (holding "the Supreme Court has construed subsections
(1) and (5) [of Tex. Civ. Prac. & Rem. Code Ann. § 65.011] to include the equitable requirement
of irreparable injury and inadequate legal remedy" and citing Storey as construing the predecessor
to Section 65.011(5)). The Texas Supreme Court reasoned that the intention of the Legislature was
not to provide a choice of remedies, but, rather, was merely "to provide a remedy to cover those
injuries for which there was not clear, full, and adequate remedy at law." Storey, 226 S.W.2d at 619. 
We overrule Graff's first point of error.

2) The Trial Court Did Not Abuse its Discretion in Denying the Injunction

 Graff, in his second point of error, argues the trial court abused its discretion in denying the
injunction under the common law. Graff alleges he proved a probable right to relief on three bases: 
the Whittle Judgment does not contain an enforceable description of the road determined to be
public; the road being improved is not the same road as the road in the Whittle Judgment; and, even
if the road is the same road as the road in the Whittle Judgment, the county is impermissibly
expanding the width of the road. Graff, also, alleges that irreparable harm was shown because the
county is trespassing on his property and has destroyed approximately thirty trees. 

 To support the granting of a temporary injunction, the applicant must demonstrate a viable
cause of action against the defendant, a probable right to the relief sought, and a probable imminent
and irreparable injury. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002); see Sun Oil
Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968). An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be measured by any certain
pecuniary standard. Butnaru, 84 S.W.3d at 204; Wright v. Sport Supply Group, Inc., 137 S.W.3d
289, 292 (Tex. App.--Beaumont 2004, no pet.); Haq v. America's Favorite Chicken Co., 921
S.W.2d 728, 730 (Tex. App.--Corpus Christi 1996, writ dism'd w.o.j.). A trial court is not "free to
base its injunction on speculative or conjectural harm." Tex. State Bd. of Educ. v. Guffy, 718 S.W.2d
48, 50 (Tex. App.--Dallas 1986, no writ). The purpose of a temporary injunction is to preserve the
status quo pending a trial on the merits. Butnaru, 84 S.W.3d at 204. A temporary injunction is an
extraordinary remedy and does not issue as a matter of right. Id. 

 The standard of review of an order granting a temporary injunction is whether the trial court
has clearly abused its discretion. In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election, 994
S.W.2d 343, 345 (Tex. App.--Texarkana 1999, no pet.). An abuse of discretion occurs when the
trial court acts without reference to any guiding rules and principles. Id. at 345. The appellate court
will not substitute its judgment for that of the trial court, but must only determine whether the action
was so arbitrary as to exceed the bounds of reasonable discretion. Id. at 345. 

 Graff argues the Whittle Judgment is unenforceable because it does not adequately describe
the road. In 1997, this Court affirmed the trial court's judgment that a road crossing Graff's property
was a public road. The dispute in that case arose when Graff, who had purchased the property in
1981, erected barriers over the road that his neighbors, Whittle and Berry, believed to be a public
road and was the sole path to their respective properties. Graff, 947 S.W.2d at 632. Whittle and
Berry brought suit alleging the road was a public road. Id. Following a jury trial, the trial court
rendered judgment consistent with the jury's verdict that the road was a public road. The Whittle
Judgment merely described the road as follows: "[t]he road in question running across Stanley
Graff's property, which Plaintiffs have used to obtain ingress and egress to their respective properties
is a public road subject to use by the public, including Plaintiffs, as any other public road." The
judgment contains no other description of the road. Graff contends the judgment's description is
inadequate.

 For a legal description to be sufficient, the document must contain, or incorporate by
reference, some other existing writing--a description of the land sufficient to identify the land with
reasonable certainty. See Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972). The language of
the judgment implicitly references the pleadings by describing the road as the "road in question." 
Further, a description may be rendered definite and certain by reference to the pleadings and other
parts of the record. 46 Am. Jur. 2d Judgments § 105 (1994); 47 Tex. Jur. 3d Judgments § 93 (1998). 
This Court's opinion in 1997 recited that a registered professional surveyor, Royce Hammett,
testified that in 1981 he had surveyed the property and marked the course of the road over the
property. Graff, 947 S.W.2d at 637. It was clear that the 1981 survey was introduced into evidence
at the jury trial establishing that the road was a public road. In 1998, Hammett diagramed the road
in question with a metes and bounds description, a copy of which was introduced into evidence. 
When considered in connection with the pleadings and the record, the Whittle Judgment is sufficient
to describe the road with reasonable certainty.

 Graff further alleges the disputed construction does not concern the same road as the road
in the Whittle Judgment. Graff argues that County Road (CR) 2119 must be the road in the Whittle
Judgment because Whittle testified CR 2119 connects with both his property and Berry's property,
and Whittle testified the road being expanded, CR 2118, does not connect to Berry's property. 

 Whittle testified that CR 2119 was on the west side of his property and was a public road. 
He further stated that CR 2119 ended at Berry's property. Although Whittle testified CR 2118 does
not connect to Berry's property, Whittle also testified that the road being expanded is the same road
that was held to be a public road in the Whittle Judgment. Whittle's testimony and the Hammett
survey establish the road in the Whittle Judgment in relation to CR 2119 and CR 2118 as follows: 
The road in the Whittle Judgment crosses Graff's property running east-west until it forks at the
northwest corner of Whittle's property. One fork, CR 2119, runs north-south along the western
border of Whittle's property and ends at Berry's property. The other fork, CR 2118, continues east-west along the northern border of Whittle's property. At the northeast corner of Whittle's property,
CR 2118 turns and runs north-south along the eastern border of Whittle's property. The trial court
did not abuse its discretion in finding the road being improved is the same road that was held to be
a public road in the Whittle Judgment. 

 In the alternative, Graff alleges the county is improperly expanding the width of the road. 
In April 2006, the county began to expand the road in dispute, claiming a sixty-foot right-of-way. 
Graff argues the road in the Whittle Judgment is at most a third-class road with a width of twenty
feet. Graff contends the county should be enjoined from claiming a sixty-foot right-of-way. 

 Whittle testified that the road was a first-class road with a width of sixty feet. (4) Whittle based
this conclusion on minutes from a commissioners' court meeting held February 11, 1901. Graff
contends these minutes only directed a jury view of the road and, when the road was finally adopted
by a commissioners' court meeting held May 13, 1901, the road was created as only a third-class
road. The minutes from both commissioners' court meetings were introduced into evidence. The
minutes from the February 11, 1901, commissioners' court meeting provide "[i]t is ordered by the
Court that the petition be granted and that a public road of the first class sixty feet wide be laid out
in accordance therewith." On May 13, 1901, the commissioners' court ordered, following a jury view
of the road, that a third-class road be created with an identical description as the road ordered to be
"laid out" in the February 11, 1901, meeting. The parties have neither briefed the issue of how these
apparently conflicting orders should be reconciled, nor have the parties briefed the legal effect of
these orders. Although Whittle identified the road in the commissioners' court minutes to the trial
court, it is impossible to determine from the record before us whether the road established in the
commissioners' minutes is the same road referenced in the Whittle Judgment. The parties have not
directed this Court to where in the record there is any additional evidence of the width of the road. 

 Graff cites Scaling v. Denny, 58 Tex. Civ. App. 279, 125 S.W. 351, 353 (Tex. Civ.
App.--Fort Worth 1909, no writ), for the proposition that, when the width of a road is not described
in a judgment, the width of the road is the minimum width provided for that class of road in the
statute. Graff argues that in 1901 the minimum width of a third-class road was twenty feet. Graff
has not directed this Court to where in the record this argument was presented to the trial court, and
we have not found, in our own review of the record, where this argument was preserved. (5) "As a
prerequisite to presenting a complaint for appellate review, the record must show that: (1) the
complaint was made to the trial court by a timely request, objection, or motion . . . ." Tex. R. App.
P. 33.1(a). Thus, this argument is not preserved for our review. Further, as discussed above, the
record is not clear whether the road in question was created as a first-class road or a third-class road. 
Since Graff bore the burden of proof at trial, it was Graff's burden to introduce evidence of the
appropriate width of the road and show probable right to relief on a cognizable cause of action. 
Graff failed to meet this burden. Further, Graff has an adequate remedy at law, even if the public
road has a width of less than sixty feet.

 The trial court did not abuse its discretion in concluding Graff failed to show an irreparable
injury. Graff contends a temporary injunction is the appropriate remedy when one party is
trespassing on the land of another. Graff cites Anderson v. Tall Timbers Corp., 162 Tex. 450, 347
S.W.2d 592 (1961); Beathard Joint Venture v. W. Houston Airport Corp., 72 S.W.3d 426 (Tex.
App.--Texarkana 2002, no pet.); Craft v. Freeport Oil Co., 563 S.W.2d 866 (Tex. Civ.
App.--Amarillo 1978, no writ); and Speedman Oil Co. v. Duval County Ranch Co., 504 S.W.2d 923
(Tex. Civ. App.--San Antonio 1973, writ ref'd n.r.e.), for the proposition that an injunction is
appropriate to prevent trespass invading the possession of a person's land or conduct which results
in destruction, or a serious change in the nature, of property. We find these cases distinguishable. 
First, as discussed above, the trial court did not abuse its discretion in concluding the road is a public
road. Even if the county does not have a sixty-foot right-of-way, the county has a right to improve
the road. Thus, the county is not a naked trespasser. If the county expands the road beyond the
width dedicated as a public road, monetary damages will be sufficient. Second, all of the cases cited
by Graff involve appeals from the granting of a temporary injunction. The trial court "is clothed with
broad discretion in determining whether to grant a temporary injunction, and its action will be set
aside only if the reviewing court is convinced that the trial judge's action represents a clear abuse of
discretion." Speedman Oil Co., 504 S.W.2d at 928. An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be measured by any certain
pecuniary standard. Butnaru, 84 S.W.3d at 204. Other than Graff's conclusory allegations, there is
no evidence that monetary damages will not be sufficient. The trial court's determination that Graff
failed to show an irreparable injury was not arbitrary and unreasonable and was not made without
reference to guiding rules and principles. 

 The trial court did not abuse its discretion in denying the temporary injunction.

3) Whether the Trial Court's Findings of Fact and Conclusions of Law Exceeded the
Scope of a Temporary Injunction Hearing is Irrelevant


 In his third point of error, Graff contends the trial court exceeded the scope of its authority
in its findings of fact and conclusions of law. The trial court's findings of fact and conclusions of
law of which Graff complains include the following: Red River County placed county road signs
on the road in question, Graff violated the Red River County stock law, Graff had been abusive and
harassed the public, and Red River County has a right to prevent any obstructions of the road. (6) Graff
argues these findings exceeded the scope of the hearing and the trial court inappropriately decided
the merits of the case. Although the only question before a trial court at a hearing on a temporary
injunction is whether the applicant is entitled to preservation of the status quo, (7) whether the trial
court's findings exceeded the scope of the hearing is not relevant to this interlocutory appeal. 

 The commissioners argue Graff is bound by the findings of fact and conclusions of law
because he requested the findings and brought an interlocutory appeal. The general rule is that an
interlocutory judgment does not support a plea of res judicata or collateral estoppel because it is not
a final judgment. The commissioners cite Texaco, Inc. v. Parker, 373 S.W.2d 870 (Tex. Civ.
App.--El Paso 1963, writ ref'd n.r.e.). In Parker, the El Paso Court of Appeals held that an
exception to the general rule applies if: (1) the parties elect distinctly to put in issue matters of law
or fact; (2) they fully develop these matters at the temporary injunction hearing; (3) the trial court
directly determines the matters, and (4) the parties appeal those matters so that their determination
becomes final. Parker, 373 S.W.2d at 872; see Towers v. Grogan, No. 01-97-00946-CV, 1998 Tex.
App. LEXIS 2403 (Tex. App.--Houston [1st Dist.] Apr. 23, 1998, no pet.) (not designated for
publication). Parker, though, is clearly distinguishable from the current situation. In Parker, the
parties were appealing from a trial on the merits. Parker, 373 S.W.2d at 872. The trial court's denial
of a temporary injunction had been previously appealed, and the prior appeal had been concluded. 
Id. Texaco was attempting to raise the issue of injunctive relief for a third time. (8) In contrast, this
is the initial appeal of the trial court's denial of a temporary injunction. Here, although there was
some evidence presented to the trial court on the issues complained of by Graff (county signs placed
on the road, violation of stock law, abuse and harassment of the public, Red River County has a right
to prevent any obstructions), it cannot be concluded from the record that Graff distinctly elected to
put such issues before the court or that they were fully developed at the hearing; therefore, the
requirements of Parker have not been satisfied. 

 Appellate review of an interlocutory order denying a temporary injunction is strictly limited
to a determination of whether there has been a clear abuse of discretion by the trial court in granting
or denying the temporary injunction. See Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); see also
Hardwicke v. City of Lubbock, 150 S.W.3d 708, 713 (Tex. App.--Amarillo 2004, no pet.). Even
if some of the trial court's findings of fact and conclusions of law exceeded the scope of the
proceeding, Graff has not shown how these findings impact the denial of the temporary injunction. 
Other than the general prayer that the case be reversed or remanded, Graff's brief fails to specify what
relief to which he believes he is entitled. 

 We overrule Graff's third point of error.

4) Conclusion 

 The trial court did not abuse its discretion in denying the temporary injunction. Graff did not
preserve his argument that Section 65.011(5) does not require an inadequate legal remedy. Even if
Graff had preserved this argument, the Texas Supreme Court has held an inadequate remedy is
required. Because Graff did not show a probable right of recovery or an irreparable injury, the trial
court did not abuse its discretion in denying the temporary injunction. Last, Graff has failed to show
reversible error even if the trial court's findings exceeded the scope of a temporary injunction
hearing. 

 For the reasons stated, we affirm the judgment of the trial court.

 


 Jack Carter

 Justice


Date Submitted: September 11, 2006

Date Decided: October 3, 2006



1. Unless otherwise specified, we will refer to the appellees collectively as the commissioners. 
Ward, Caton, and Hausler filed a brief which merely concurred with Whittle's brief. 
2. In the prior litigation, a jury found a road crossing Graff's property to be a public road and
found that Whittle and Berry had acquired easements by prescription and necessity. This Court,
while noting an easement is inconsistent with a finding the road was public, affirmed the portion of
the trial court's judgment finding that the road was a public road. See Graff v. Whittle, 947 S.W.2d
629, 641 (Tex. App.--Texarkana 1997, writ denied). In the interest of convenience, we will refer
to the judgment in the prior litigation as the Whittle Judgment.
3. But see DSTJ, L.L.P. v. M & M Res., Inc., No. 09-06-073-CV, 2006 Tex. App. LEXIS 4343
(Tex. App.--Beaumont May 18, 2006, no pet.) (mem. op.); Simon Prop. Group (Tex.) L.P. v. May
Dep't Stores Co., 943 S.W.2d 64, 70 (Tex. App.--Corpus Christi 1997, no writ). The above cases
based their conclusions purely on the statutory language of Section 65.011(5) and do not mention
or distinguish the Texas Supreme Court's opinion in Storey. We are bound by the precedent of the
Texas Supreme Court.
4. Whittle testified the road will probably not be sixty feet wide, but testified the county needed
a sixty-foot right-of-way for maintenance purposes. 
5. Graff's argument at trial was that the road was only twenty-five feet wide based on the scale
of one of the plats introduced into evidence.
6. Graff complains of the trial court's findings of fact numbers 8 and 10-15, as well as the trial
court's conclusions of law 4, 6, and 7.
7. See Houston Belt & Terminal Ry. Co. v. Tex. & New Orleans R.R. Co., 155 Tex. 407, 289
S.W.2d 217, 219 (1956); Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d 877, 882 (Tex.
App.--Dallas 2003, no pet.).
8. Texaco had filed a second petition for injunctive relief and had appealed the denial of the
second petition as well. Parker, 373 S.W.2d at 872.