In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00245-CR


______________________________




WILLIAM FLOYD LANE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 13,892




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury convicted William Floyd Lane of aggravated sexual assault of a child and found that
he had previously been convicted of a felony offense. The jury assessed punishment at ninety-nine
years' confinement and a $10,000.00 fine. Lane's appeal urges error in the following respects: the
trial court erred in failing to submit a lesser-included charge to the jury, the State failed to disclose
exculpatory evidence, and the trial court failed to grant a mistrial. (1) Finding no reversible error, we
affirm the judgment of the trial court. 

 Tabitha Thorn attempted to provide a home for her father, Lane, with whom she had little
association for most of her life. Around Christmas 2004, Tabitha allowed her father to move into
a travel trailer located at her home where she lived with her three children. About once a week, Lane
would provide babysitting services for Tabitha's children. One evening, in the first part of February
2005, Tabitha attended a basketball game and allowed Lane to sit with her eight-year-old child, S.M. 
When she returned home, she discovered the child was inside the travel trailer with Lane and the
door was locked. After she knocked, Lane came to the door wearing only his pants. She found S.M.
in the sleeping area of the small trailer attempting to put on her shirt as Tabitha came into the room. 
S.M. later told her mother and others she had been sexually assaulted by Lane. 


Failure to Submit Lesser-Included Charge

 The indictment charged that Lane did "cause the penetration of the female sexual organ of
[S.M.], a child who was then younger than 14 years of age . . . by the defendant's tongue." 

 Before the jury charge was submitted, Lane requested that a lesser-included charge of
indecency with a child be submitted to the jury, which the trial court denied. An instruction on a
lesser offense is required only if both of the following conditions are fulfilled: (1) the lesser offense
is included within the proof necessary to establish the offense charged, and (2) some evidence exists
in the record that would permit a jury rationally to find that, if guilty, the defendant is guilty only of
the lesser-included offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). 
In applying the two-pronged test, the trial court should make a determination as to whether the
evidence of the lesser offense would be sufficient for a jury rationally to find that the defendant is
guilty only of that offense, not the greater offense. Id. 

 The State acknowledges that indecency with a child may be a lesser-included offense of
aggravated sexual assault, but alleges that there is no evidence Lane is guilty only of the lesser
offense. The Texas Court of Criminal Appeals has held there are two ways in which the evidence
may indicate a defendant is guilty only of the lesser offense. First, there may be evidence which
refutes or negates other evidence establishing the greater offense. Second, a defendant may be
shown to be guilty only of the lesser offense if the evidence presented is subject to different
interpretations. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992). It is not enough
that the jury may disbelieve crucial evidence pertaining to the greater offense. Cantu v. State, 939
S.W.2d 627, 646 (Tex. Crim. App. 1997) .

 If a defendant either presents evidence he or she committed no offense or presents no
evidence and there is no evidence otherwise showing the defendant is guilty only of a lesser-included
offense, then a charge on a lesser-included offense is not required. Lofton v. State, 45 S.W.3d 649,
652 (Tex. Crim. App. 2001). We must examine the entire record instead of plucking certain
evidence from the record and examining it in a vacuum. Enriquez v. State, 21 S.W.3d 277, 278
(Tex. Crim. App. 2000). With these principles in mind, we examine the facts of this case to
determine whether the lesser included instruction should have been given. 

 The elements necessary to prove aggravated sexual assault of a child are: 

 a person . . . intentionally or knowingly . . . caused the penetration of the sexual organ
of a child by any means . . . who was younger than 14 years of age.


Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2006).

 To prove indecency with a child, it is not necessary to prove penetration of the sexual organ. 
"Sexual contact" with a child under seventeen years who is not the actor's spouse is sufficient. 
Sexual contact may be any touching of the anus, breast, or any part of the genitals of a child. Tex.
Penal Code Ann. § 21.11 (Vernon 2003).

 S.M. testified that, after Lane moved onto the property, he "was giving me lessons for after
when I got married." She explained that the "lessons," which occurred four or five times, included 

both S.M. and Lane taking off their clothes and getting into bed. On the videotape, she identified
her private as her "pee-pee." She stated Lane placed his mouth "on my private part and inside." "He
went inside me, inside my private part." She further stated he placed his tongue in her private part
and, "I felt it." 

 This evidence is sufficient to prove Lane penetrated the sexual organ of the child. See In re
A.B., 162 S.W.3d 598, 600 (Tex. App.--El Paso 2005, no pet.). Proof of the slightest penetration
is sufficient. Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972). There is no evidence
to refute or negate this proof, and it is not subject to an interpretation that penetration did not occur. 
Therefore, there is no evidence in the record that, if Lane was guilty, he was only guilty of indecency
with a child, not aggravated sexual assault. Consequently, no instruction was required or proper on
the lesser-included offense of indecency with a child. See Hendrix v. State, 150 S.W.3d 839, 851
(Tex. App.--Houston [14th Dist.] 2004, pet. ref'd).

Brady Violation Allegation 

 One of the State's witnesses was Freeman Pierce. Pierce was a family friend who S.M.
considered a grandfather. After S.M. reported the sexual assault, Pierce allowed Lane to stay with
him so he would not be near the child. Pierce also contacted the authorities concerning the sexual
assault report. After Pierce told Lane he was being investigated for this occurrence, Lane left town. 
Apparently, Lane left some money in Pierce's possession and after a couple of weeks called Pierce
and requested him to send the money. During the course of that conversation, Pierce told Lane the
money was needed to provide counseling for S.M. According to Pierce, Lane then stated S.M.
needed counseling because "she had some sexual hangups, she enjoyed wearing nothing but his T-shirts." Counsel objected to Pierce's statement from Lane on the basis that he had not been provided
notice of the statement as he was entitled under Brady. (2) 

 The Due Process Clause of the Fourteenth Amendment to the United States Constitution is
violated when a prosecutor fails to disclose evidence favorable to the accused that creates a
probability sufficient to undermine confidence in the outcome of the proceeding. Thomas v. State,
841 S.W.2d 399, 404 (Tex. Crim. App. 1992). In order to establish a due-process violation under
Brady, a defendant must show: 1) evidence was suppressed after a request by the defense; 2) the
suppressed evidence was favorable to the defense; and 3) the suppressed evidence was material to
either guilt or punishment. Moore v. Illinois, 408 U.S. 786, 794 (1972); Thomas, 841 S.W.2d at 404;
Taylor v. State, 93 S.W.3d 487, 499 (Tex. App.--Texarkana 2002, pet. ref'd). Favorable evidence
includes both exculpatory and impeachment evidence. Thomas, 841 S.W.2d at 404.

 Before trial, Lane had requested all exculpatory evidence in the State's possession. The State
argues that the statement of Lane to Pierce was not favorable or exculpatory evidence for Lane. 
Inculpatory evidence is not required to be revealed by the State. Butler v. State, 736 S.W.2d 668,
670 (Tex. Crim. App. 1987). Lane argues the evidence is favorable to him because the statement
could be interpreted as an expression of concern about the attitude and behavior of a precocious
child. The statement of Lane is evidence that he has drawn certain inferences of a sexual nature from
conduct of an eight-year-old child (wearing t-shirts) that generally is considered innocent child
behavior. It would be unusual for the State to attempt to introduce exculpatory evidence; in seeking
to introduce this statement, the State considered that the statement would assist in the State's
prosecution of Lane. We do not find that Lane's statement was exculpatory and find no Brady
violation. 

Mistrial Motion

 During cross-examination of S.M., she testified she had not known her grandfather, Lane,
very long. She was then asked:

 Q. When was the first time, do you remember, if you met your grandpa?

 A. We used to go visit him in prison. 

 After an objection, the trial court instructed the jury to disregard that response. Thereafter,
counsel moved for a mistrial, which was denied. The complaint on appeal is that the answer was
nonresponsive and so prejudicial that it was impossible for an instruction to disregard to cure the
problem. 

 First, this question was asked by the defense attorney while cross-examining the child. The
question asked of the witness was when was the first time she remembered meeting her grandfather. 
We find the answer--"We used to go visit him in prison" is not altogether unresponsive to the
question asked by Lane's counsel. 

 Second, an instruction to disregard normally cures error, except in extreme cases where the
evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest
the impossibility of withdrawing the impression produced on the jurors' minds. Livingston v. State,
739 S.W.2d 311 (Tex. Crim. App. 1987); Mathews v. State, 40 S.W.3d 179, 183 (Tex.
App.--Texarkana 2001, pet. ref'd) (witness stated in response to prosecution's question that
defendant was "in the penitentiary on two different occasions"; found could be cured by instruction). 
Even testimony referring to extraneous offenses allegedly committed by a defendant may be rendered
harmless by the trial court's instruction to the jury to disregard the statement or comment. Campos
v. State, 589 S.W.2d 424, 428 (Tex. Crim. App. [Panel Op.] 1979); see, e.g., Williams v. State, 643
S.W.2d 136, 138 (Tex. Crim. App. [Panel Op.] 1982); Richardson v. State, 624 S.W.2d 912, 913
(Tex. Crim. App. [Panel Op.] 1981). Improper evidence will seldom call for a mistrial, because in
most cases any harm can be cured by an instruction to disregard. Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999). A mistrial is required only when the improper evidence or comment is
clearly prejudicial to the defendant and is of such character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jurors. Id. A trial court's denial of a
mistrial is reviewed under an abuse of discretion standard. Id.; State v. Gonzalez, 855 S.W.2d 692,
696 (Tex. Crim. App. 1993).

 Here, the trial court promptly instructed the jury to disregard the evidence. Again, we note
the State had no participation in eliciting the comment, but it was in response to defense cross-examination. The statement was not repeated or referred to at any other time during the proceedings. 
We do not believe this comment constitutes an extreme case calculated to inflame the jury or is of
such character as to be impossible to withdraw from the jury's consideration. The point of error is
overruled.

 The judgment of the trial court is reformed to correctly reflect the range of punishment as
fifteen to ninety-nine years. In all other respects, the judgment of the trial court is affirmed. 

 



 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: March 14, 2007


Do Not Publish
1. Lane's final point on appeal is that the trial court's judgment states the range of punishment
as five to ninety-nine years' confinement when it should be fifteen to ninety-nine years since Lane's
punishment was enhanced by one prior felony. The State agrees the judgment should be reformed
to reflect the proper range of punishment. 
2. Brady v. Maryland, 373 U.S. 83 (1963).



58 Tex. Civ. App. 279, 125 S.W. 351, 353 (Tex. Civ.
App.--Fort Worth 1909, no writ), for the proposition that, when the width of a road is not described
in a judgment, the width of the road is the minimum width provided for that class of road in the
statute. Graff argues that in 1901 the minimum width of a third-class road was twenty feet. Graff
has not directed this Court to where in the record this argument was presented to the trial court, and
we have not found, in our own review of the record, where this argument was preserved. (5) "As a
prerequisite to presenting a complaint for appellate review, the record must show that: (1) the
complaint was made to the trial court by a timely request, objection, or motion . . . ." Tex. R. App.
P. 33.1(a). Thus, this argument is not preserved for our review. Further, as discussed above, the
record is not clear whether the road in question was created as a first-class road or a third-class road. 
Since Graff bore the burden of proof at trial, it was Graff's burden to introduce evidence of the
appropriate width of the road and show probable right to relief on a cognizable cause of action. 
Graff failed to meet this burden. Further, Graff has an adequate remedy at law, even if the public
road has a width of less than sixty feet.

 The trial court did not abuse its discretion in concluding Graff failed to show an irreparable
injury. Graff contends a temporary injunction is the appropriate remedy when one party is
trespassing on the land of another. Graff cites Anderson v. Tall Timbers Corp., 162 Tex. 450, 347
S.W.2d 592 (1961); Beathard Joint Venture v. W. Houston Airport Corp., 72 S.W.3d 426 (Tex.
App.--Texarkana 2002, no pet.); Craft v. Freeport Oil Co., 563 S.W.2d 866 (Tex. Civ.
App.--Amarillo 1978, no writ); and Speedman Oil Co. v. Duval County Ranch Co., 504 S.W.2d 923
(Tex. Civ. App.--San Antonio 1973, writ ref'd n.r.e.), for the proposition that an injunction is
appropriate to prevent trespass invading the possession of a person's land or conduct which results
in destruction, or a serious change in the nature, of property. We find these cases distinguishable. 
First, as discussed above, the trial court did not abuse its discretion in concluding the road is a public
road. Even if the county does not have a sixty-foot right-of-way, the county has a right to improve
the road. Thus, the county is not a naked trespasser. If the county expands the road beyond the
width dedicated as a public road, monetary damages will be sufficient. Second, all of the cases cited
by Graff involve appeals from the granting of a temporary injunction. The trial court "is clothed with
broad discretion in determining whether to grant a temporary injunction, and its action will be set
aside only if the reviewing court is convinced that the trial judge's action represents a clear abuse of
discretion." Speedman Oil Co., 504 S.W.2d at 928. An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be measured by any certain
pecuniary standard. Butnaru, 84 S.W.3d at 204. Other than Graff's conclusory allegations, there is
no evidence that monetary damages will not be sufficient. The trial court's determination that Graff
failed to show an irreparable injury was not arbitrary and unreasonable and was not made without
reference to guiding rules and principles. 

 The trial court did not abuse its discretion in denying the temporary injunction.

3) Whether the Trial Court's Findings of Fact and Conclusions of Law Exceeded the
Scope of a Temporary Injunction Hearing is Irrelevant


 In his third point of error, Graff contends the trial court exceeded the scope of its authority
in its findings of fact and conclusions of law. The trial court's findings of fact and conclusions of
law of which Graff complains include the following: Red River County placed county road signs
on the road in question, Graff violated the Red River County stock law, Graff had been abusive and
harassed the public, and Red River County has a right to prevent any obstructions of the road. (6) Graff
argues these findings exceeded the scope of the hearing and the trial court inappropriately decided
the merits of the case. Although the only question before a trial court at a hearing on a temporary
injunction is whether the applicant is entitled to preservation of the status quo, (7) whether the trial
court's findings exceeded the scope of the hearing is not relevant to this interlocutory appeal. 

 The commissioners argue Graff is bound by the findings of fact and conclusions of law
because he requested the findings and brought an interlocutory appeal. The general rule is that an
interlocutory judgment does not support a plea of res judicata or collateral estoppel because it is not
a final judgment. The commissioners cite Texaco, Inc. v. Parker, 373 S.W.2d 870 (Tex. Civ.
App.--El Paso 1963, writ ref'd n.r.e.). In Parker, the El Paso Court of Appeals held that an
exception to the general rule applies if: (1) the parties elect distinctly to put in issue matters of law
or fact; (2) they fully develop these matters at the temporary injunction hearing; (3) the trial court
directly determines the matters, and (4) the parties appeal those matters so that their determination
becomes final. Parker, 373 S.W.2d at 872; see Towers v. Grogan, No. 01-97-00946-CV, 1998 Tex.
App. LEXIS 2403 (Tex. App.--Houston [1st Dist.] Apr. 23, 1998, no pet.) (not designated for
publication). Parker, though, is clearly distinguishable from the current situation. In Parker, the
parties were appealing from a trial on the merits. Parker, 373 S.W.2d at 872. The trial court's denial
of a temporary injunction had been previously appealed, and the prior appeal had been concluded. 
Id. Texaco was attempting to raise the issue of injunctive relief for a third time. (8) In contrast, this
is the initial appeal of the trial court's denial of a temporary injunction. Here, although there was
some evidence presented to the trial court on the issues complained of by Graff (county signs placed
on the road, violation of stock law, abuse and harassment of the public, Red River County has a right
to prevent any obstructions), it cannot be concluded from the record that Graff distinctly elected to
put such issues before the court or that they were fully developed at the hearing; therefore, the
requirements of Parker have not been satisfied. 

 Appellate review of an interlocutory order denying a temporary injunction is strictly limited
to a determination of whether there has been a clear abuse of discretion by the trial court in granting
or denying the temporary injunction. See Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); see also
Hardwicke v. City of Lubbock, 150 S.W.3d 708, 713 (Tex. App.--Amarillo 2004, no pet.). Even
if some of the trial court's findings of fact and conclusions of law exceeded the scope of the
proceeding, Graff has not shown how these findings impact the denial of the temporary injunction. 
Other than the general prayer that the case be reversed or remanded, Graff's brief fails to specify what
relief to which he believes he is entitled. 

 We overrule Graff's third point of error.

4) Conclusion 

 The trial court did not abuse its discretion in denying the temporary injunction. Graff did not
preserve his argument that Section 65.011(5) does not require an inadequate legal remedy. Even if
Graff had preserved this argument, the Texas Supreme Court has held an inadequate remedy is
required. Because Graff did not show a probable right of recovery or an irreparable injury, the trial
court did not abuse its discretion in denying the temporary injunction. Last, Graff has failed to show
reversible error even if the trial court's findings exceeded the scope of a temporary injunction
hearing. 

 For the reasons stated, we affirm the judgment of the trial court.

 


 Jack Carter

 Justice


Date Submitted: September 11, 2006

Date Decided: October 3, 2006



1. Unless otherwise specified, we will refer to the appellees collectively as the commissioners. 
Ward, Caton, and Hausler filed a brief which merely concurred with Whittle's brief. 
2. In the prior litigation, a jury found a road crossing Graff's property to be a public road and
found that Whittle and Berry had acquired easements by prescription and necessity. This Court,
while noting an easement is inconsistent with a finding the road was public, affirmed the portion of
the trial court's judgment finding that the road was a public road. See Graff v. Whittle, 947 S.W.2d
629, 641 (Tex. App.--Texarkana 1997, writ denied). In the interest of convenience, we will refer
to the judgment in the prior litigation as the Whittle Judgment.
3. But see DSTJ, L.L.P. v. M & M Res., Inc., No. 09-06-073-CV, 2006 Tex. App. LEXIS 4343
(Tex. App.--Beaumont May 18, 2006, no pet.) (mem. op.); Simon Prop. Group (Tex.) L.P. v. May
Dep't Stores Co., 943 S.W.2d 64, 70 (Tex. App.--Corpus Christi 1997, no writ). The above cases
based their conclusions purely on the statutory language of Section 65.011(5) and do not mention
or distinguish the Texas Supreme Court's opinion in Storey. We are bound by the precedent of the
Texas Supreme Court.
4. Whittle testified the road will probably not be sixty feet wide, but testified the county needed
a sixty-foot right-of-way for maintenance purposes. 
5. Graff's argument at trial was that the road was only twenty-five feet wide based on the scale
of one of the plats introduced into evidence.
6. Graff complains of the trial court's findings of fact numbers 8 and 10-15, as well as the trial
court's conclusions of law 4, 6, and 7.
7. See Houston Belt & Terminal Ry. Co. v. Tex. & New Orleans R.R. Co., 155 Tex. 407, 289
S.W.2d 217, 219 (1956); Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d 877, 882 (Tex.
App.--Dallas 2003, no pet.).
8. Texaco had filed a second petition for injunctive relief and had appealed the denial of the
second petition as well. Parker, 373 S.W.2d at 872.